(No. 42325.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* JESSE COVINGTON, JR., Appellant.

*Opinion filed March 24, 1970.*

WARD, J., took no part.

JOHN J. O'TOOLE, of CONCANNON, DILLON, SNOOK & MORTON, of Chicago, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General, and ELMER C. KISSANE and JOSEPH ROMANO, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE CULBERTSON delivered the opinion of the court:

Defendant, Jesse Covington, Jr., here appeals from a judgment of the circuit court of Cook County which, on a motion of the People, dismissed an amended petition seeking relief under the provisions of the Post-Conviction Hearing Act. (Ill. Rev. Stat. 1967, ch. 38, par. 122—1 *et seq.*) He contends that the petition made a substantial showing that his constitutional rights had been violated and that he was entitled to an evidentiary hearing.

Facts gathered from the petition and records filed by the People in support of the motion to dismiss disclose that on October 30, 1962, defendant, who was represented by the Public Defender and duly admonished by the trial court, changed his pleas of not guilty to three separate charges of armed robbery to pleas of guilty. Sentences of 5 to 15 years in the penitentiary were imposed, to run concurrently. Evidence in aggravation or mitigation disclosed prior convictions of petty larceny and robbery, and that in each of the current robberies defendant had entered retail stores armed with a sawed-off shotgun and had taken money from cash registers and the persons present. On the occasion of the last such robbery, a policeman pursued defendant and arrested him one-half block away and found the proceeds of the robbery and the sawed-off shotgun in defendant's possession. Upon being taken to the police station, defendant admitted his guilt of all three robberies and was subsequently identified at police lineups by victims of each crime.

Defendant was paroled June 1, 1967, but early in January, 1968, a parole violation warrant was issued and he was

subsequently returned to the penitentiary to serve the remainder of his sentences. On January 26, 1968, he changed his plea to still another charge of armed robbery which had been committed in November, 1967, while he was free on parole. He was on this occasion also represented by counsel and changed his plea to guilty only after due admonishment by the court. As the result of an agreement with the court, defendant was sentenced to the penitentiary for a term of 4 to 8 years. In this robbery defendant and an accomplice took money at gun point from the cash register of a clothing store and from the persons of employees and customers. Police officers responding to the call apprehended defendant nearby and recovered the money from his person. It also appears that defendant was shot by a police officer when he drew a gun and resisted arrest, and that two of the robbery victims subsequently identified defendant as the latter was lying in a hospital bed.

On August 18, 1968, defendant filed a *pro se* petition for post-conviction relief, alleging that his constitutional rights had been violated in connection with his 1962 convictions. Counsel was appointed to represent him and prepared and filed an amended petition which extended the constitutional attack to the 1968 conviction. As noted, the amended petition was dismissed and this appeal has followed.

We are first confronted with a contention of the People, who rely on *People v. Lansing*, 35 Ill.2d 247, and *People v. Reed*, 42 Ill.2d 169, that post-conviction relief with regard to the 1962 convictions was, when the petition was filed August 18, 1968, barred by the 5-year period of limitation in effect when such judgments of conviction were entered. (See: Ill. Rev. Stat. 1961, ch. 38, par. 826.) Here, however, unlike the situations in *Lansing* and *Reed*, the 5-year period of limitation had not yet run its course when the applicable statute was amended in 1965 to increase the limitation period to 20 years, (Ill. Rev. Stat. 1965, ch. 38, par. 122—1,) and we recently decided in *People v. Rednour*, 43 Ill.2d

307, 311, that the effect of the 1965 amendment under such circumstances was "to extend to 20 years the limitation period of existing causes of action not yet barred by the five-year limitation. Under this construction, defendant's petition was filed in apt time and he could properly seek relief in regard to the 1962 convictions.

Both as to the 1962 and 1968 convictions, the amended petition alleged that the court failed to advise defendant of his right to appeal the judgments entered against him. And while not so stated in the petition, it is now asserted that this was an allegation of a denial of equal protection of the law, the doubtful reasoning being that the failure of the court to so inform defendant effected a discrimination between an indigent defendant, represented by appointed counsel, and a defendant financially able to retain counsel. This is so, according to defendant, because retained counsel could be expected to advise his client of the right to appeal, whereas appointed counsel would not do so. We see no logic to such an approach, but in any event there is neither allegation nor supporting affidavit here that defendant, whose record shows he was no novice to criminal proceedings, was not in fact apprised of his right to appeal by his appointed counsel.

On June 26, 1967, this court adopted a rule requiring that all defendants convicted of a felony be advised of their right to appeal, (Supreme Court Rule 605; Ill. Rev. Stat. 1967, ch. 110A, par. 605,) which was thus in effect at the time of defendant's 1968 conviction. However, the allegation of the petition that the court failed to give defendant such advice did not raise a question of constitutional dimension. Our rule stems from the dictates of good practice rather than constitutional command, and where the question has arisen it has been held that the failure of a court to advise of the right to appeal is not a denial of due process or equal protection. *United States ex. rel. Green* v. *Pate* (7th cir. 1969), 411 F.2d 884, 888; *Victor v. Lane* (7th cir.

1968), 394 F.2d 268, 269; *United States ex rel. Bjornsen* v. *LaVallee* (2d cir. 1966), 364 F.2d 489, 491, *cert.* denied 386 U.S. 998.

Again in respect to all convictions, the petition alleged that the change of pleas had been induced by fear engendered in defendant by representations of his counsel that he would receive more severe sentences if he did not plead guilty. The record shows that defendant had made extra-judicial admissions of guilt as to three of his crimes; that he had, in two instances, been apprehended near the scene with weapons and the proceeds of the robberies in his possession; and that he had been identified by victims of all of the robberies. If he thus had any fear as to the results of trial, it arose out of his own conduct and therefore did not render his guilty pleas involuntary. (*People* v. *Scott,* 43 Ill.2d 135, 142.) Moreover, so far as the 1968 conviction is concerned, the record discloses that defendant changed his plea after an agreement had been reached with the court that his sentence would be 4 to 8 years.

The amended petition further alleged that the 1962 convictions had been coerced by a Chicago police officer who threatened to arrest defendant's wife for the same robbery charges and to take defendant's infant child from him if he did not plead guilty. Although the amended petition was verified, no affidavit or other evidence was filed in support of this allegation as the Act requires, and in our opinion the bare allegations of the petition were not sufficient to require a hearing on this issue. (*Cf. People* v. *Morris,* 43 Ill.2d 124; *People.* v. *Curtis,* 41 Ill.2d 147; *People* v. *Reed,* 36 Ill.2d 358.) Particularly is this true in light of the showing in the record of the 1962 convictions that defendant changed his pleas only after a courtroom conference with his counsel, and that he persisted in them after due admonition by the court. On this state of the record, a supporting affidavit as to the time, place and circumstances of the alleged threat

by the police officer was essential to the sufficiency of the post-conviction petition. We note, too, that the purported threat to arrest defendant's wife for the robberies is completely irreconcilable with the facts of the crimes.

In an effort to establish that the 1968 conviction had been the result of coercion, the petition alleged that two witnesses had identified him in an improper manner, and then continued: "That because of the identification procedure used in this case and because of the suggestion to the two alleged witnesses that your Petitioner was the perpetrator of the alleged crime, your Petitioner was induced, by his Attorney, to withdraw his prior plea of not guilty and enter a plea of guilty." Apart from the fact that this allegation is also unsupported by affidavit or other evidence, it is clear that it raises no issue of a denial of due process of law. The circumstance that an accused followed his counsel's advice, whether such advice was proper or ill-advised, would not render a guilty plea involuntary. Furthermore, the mere existence of a possible claim to suppress evidence does not render a plea of guilty involuntary where the defendant is represented by counsel and his plea is fully explained. See: *United States ex rel. Staples* v. *Pate* (7th cir. 1964), 332 F.2d 531; *United States* v. *French* (7th cir. 1960), 274 F.2d 297; *Reed* v. *Henderson* (6th cir. 1967), 385 F.2d 995.

The circuit court of Cook County did not err in dismissing the amended petition without a hearing, and its judgment is affirmed.

*Judgment affirmed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.