The People of the State of Illinois, Respondent-Appellee, v. John H. Rush, Petitioner-Appellant.

(No. 58016; ▮▮▮▮▮)

First District (1st Division)—May 20, 1974.

James J. Doherty, Public Defender, of Chicago (Ian Levin, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Elmer C. Kissane, Russell Hartigan, and Frederic Chaimson, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE EGAN delivered the opinion of the court on the Petition for Rehearing:

On January 30, 1969, the defendant, John H. Rush, filed his verified petition under the Illinois Post-Conviction Hearing Act. (Ill. Rev. Stat. 1969, ch. 38, par. 122—1.) After argument by counsel, but without an evidentiary hearing, the trial court granted the State's motion to dismiss.

The basis of the petition is contained in that portion which is captioned "Argument":

"The question in this petition is whether petitioner because of the intimidation of the State's Attorney and the coercion, browbeating, in bringing up his past record and convictions and sentences. The incompetence of his attorney whom [sic] allowed these violations to occurred [sic] at the trial and not to challenge the violations. Also his attorney colloborated [sic] with the State's Attorney. Furthermore petitioner was never confronted with the complainant who was the accuser of the alleged charges. The State's Attorney made mentioned [sic] of a statement in open court which was suppose [sic] to be have been given by the accuser, but petitioner never did see any statement. These were direct constitutional violations. The State's Attorney made ascertions [sic] that under the circumstances that if petitioner stood

trial if he was found guilty then he would receive the maximum penalty for the crime of rape. Petitioner changed his plea from not guilty to guilty after these ascertions [sic]. The serious charge which was rape was dropped. It was a grave injustice in this and not knowing the facts of his constitutional rights there left no other alternative, but for petitioner to do but to change his plea."

On March 31, 1967, the defendant entered a plea of guilty to robbery, deviate sexual assault and attempt rape. The State nolle prossed Count I of the indictment, which charged rape.

The evidence, which was introduced by stipulation, showed that the complainant, who was present in court, was accosted by the defendant at 2 A.M. The evidence clearly established that he robbed her, forced her to perform an act of oral copulation and attempted to rape her, but was unsuccessful. He was shot and captured at the scene. He had been sentenced to the penitentiary in 1955 for rape and robbery; and in 1963 for possession of narcotics. In 1966 he was sentenced to the House of Correction for battery and for petty theft.

The trial court has a right in passing on a motion to dismiss to refer to the record of the proceedings before it. (*People v. Morris,* 43 Ill.2d 124, 251 N.E.2d 202.) And the court could have concluded that the record alone refuted most, if not all, of the defendant's contentions. The complainant was in court; no statement was referred to or introduced; the previous record of the defendant was properly presented to the court; and the State understandably nolle prossed the rape count.

But apart from the question of the trial court's determination of facts without an evidentiary hearing, it is clear that the petition is insufficient on its face. The principal assertion is that he had been threatened by the State's Attorney, who allegedly told him if he was found guilty of rape he would receive the maximum sentence. This allegation is similar to that made in *People v. Covington,* 45 Ill.2d 105, 109, 257 N.E.2d 106, in which the defendant's petition alleged that his plea of guilty had been coerced by a police officer who threatened to arrest the defendant's wife for the same robbery and to take the defendant's infant child from him if he did not plead guilty. The court said:

> "Although the amended petition was verified, no affidavit or other evidence was filed in support of this allegation as the Act requires, and in our opinion the bare allegations of the petition were not sufficient to require a hearing on this issue."

At the post-conviction hearing in this case the attorney for the defendant told the court:

> "Your Honor, for the record, we did in November of 1970 ask Mr. Rush for substantiation of his allegations, and we asked him

the time, place and who was present at these events. In addition, any proof that he would have that there is collaboration between the State's Attorney and his attorney, we attempted to elicit these from him so we could attach affidavits, but we did not get any answers."

For these reasons we conclude that the trial court properly dismissed the petition. The order is affirmed.

Order affirmed.

BURKE and GOLDBERG, JJ., concur.