THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. STEPHEN L. ROUSEY, Defendant-Appellant.

Fourth District   No. 4—91—0435

Opinion filed January 30, 1992.

Daniel D. Yuhas and Lawrence Bapst, both of State Appellate Defender's Office, of Springfield, for appellant.

Charles G. Reynard, State's Attorney, of Bloomington (Kenneth R. Boyle, Robert J. Biderman, and David E. Mannchen, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LUND delivered the opinion of the court:

Defendant Stephen L. Rousey pleaded guilty to armed robbery (Ill. Rev. Stat. 1989, ch. 38, par. 18—2) and aggravated criminal sexual abuse (Ill. Rev. Stat. 1989, ch. 38, par. 12—16(a)(1)). The trial court sentenced him to concurrent terms of 14 and 17 years' imprisonment, respectively.

Defendant filed a *pro se* motion to reconsider his sentence two months after the sentencing hearing. The court dismissed the motion

as untimely. This court allowed defendant to file a late notice of appeal. On appeal, defendant claims he was denied due process when the trial court dismissed his untimely motion to reconsider his sentence because the trial court had not admonished him that he must file a motion to reconsider sentence or any alleged sentencing errors would be waived. We disagree and dismiss the appeal.

■ Supreme Court Rule 604(d) (134 Ill. 2d R. 604(d)) outlined the procedure for an appeal by a defendant from a judgment entered on a guilty plea. Rule 604(d) directs a defendant to file a motion to withdraw his guilty plea and vacate the judgment before an appeal can be taken.

Our supreme court in *People v. Wilk* (1988), 124 Ill. 2d 93, 529 N.E.2d 218, broadened Rule 604(d), by requiring those defendants complaining only in regard to a sentence to file a motion attacking the sentence prior to appeal. In order to preserve such sentencing issues for review, defendant must file a motion to reconsider the sentence prior to appealing. (*People v. Wallace* (1991), 143 Ill. 2d 59, 570 N.E.2d 335.) Defendant filed such a motion, but the filing was untimely.

■ On the same day our supreme court filed *Wallace*, we filed *People v. Lawrence* (1991), 211 Ill. App. 3d 135, 569 N.E.2d 1175. In *Lawrence*, defendant claimed he was denied his right to appeal because the trial court failed to inform him that he could appeal his sentence without withdrawing his guilty plea. *Lawrence* stated:

" 'And since Rule 605(b) [(107 Ill. 2d R. 605(b))] does not require an admonishment concerning the filing of a motion to reconsider the sentence, the trial court's failure to admonish pursuant to Rule 605(b) cannot form the basis for preserving the issues in the instant appeal.' (*People v. Gerdes* (1990), 196 Ill. App. 3d 133, 134, 553 N.E.2d 108, 109.)" *Lawrence*, 211 Ill. App. 3d at 139, 569 N.E.2d at 1178.

Supreme Court Rule 605(b) (107 Ill. 2d R. 605(b)) requires the court to admonish defendant that he must file a written motion to withdraw his guilty plea prior to filing an appeal. It does not require that a defendant be admonished that he must file a motion to reconsider if he is appealing only from a sentence.

In *Gerdes*, we held that "even if a motion to reconsider were required to be filed [as *Wallace* requires], pursuant to Supreme Court Rule 615(a) (107 Ill. 2d R. 615(a)), a reviewing court has the discretion to consider plain error or defects which affect substantial rights of the defendant even though defendant may have waived those issues for purposes of review." (*Gerdes*, 196 Ill. App. 3d at 135, 553 N.E.2d

at 109.) We stand by our holding in *Gerdes*. Today, the supreme court does require a defendant to file a motion to reconsider sentence prior to filing an appeal challenging only the sentence. Any plain error would be there even if defendant failed to file a motion to reconsider. Defendant presented this court with no allegation of plain error. He simply claims he was denied due process.

Our supreme court has held that it is not constitutional error to fail to give an admonition required by Supreme Court Rule 605(b). (*People v. Cox* (1972), 53 Ill. 2d 101, 106, 291 N.E.2d 1, 4; *People v. Covington* (1970), 45 Ill. 2d 105, 108, 257 N.E.2d 106, 108.) If failure to give expressly required admonitions did not deny due-process rights, clearly defendant had no due-process right to an admonition not expressly required.

We therefore affirm.

Affirmed.

GREEN, P.J., and KNECHT, J., concur.