THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WILLIAM E. WRIGHT, Defendant-Appellant.

Fifth District    No. 5—99—0082

Opinion filed March 2, 2000.

Daniel M. Kirwan and Larry R. Wells, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Kimberly Koester, State's Attorney, of Newton (Norbert J. Goetten and Stephen E. Norris, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KUEHN delivered the opinion of the court:

The defendant is unhappy with the five-year prison term that Judge Tungate imposed upon his plea of guilty to the offense of criminal sexual assault. He feels that the sentence was too harsh and seeks its review on appeal.

His guilty plea was entered in return for a promise from the State that it would ask the judge for no more than a five-year term. At sentencing, the State was true to its word. It advised the judge that, in its opinion, imprisonment for five years would be a fit and proper sentence to impose. Of course, the defendant argued that less punishment was justified. The judge agreed with the State.

The sentence no doubt displeases the defendant. However, he received the bargain for which he negotiated. He knew when he entered his guilty plea that his exposure to more punishment than five years in prison was lessened. The judge was unlikely to impose more than the recommended punishment. He also knew that a distinct possibility existed that the judge would follow the recommendation and impose a five-year prison sentence. Notwithstanding, the defendant balked at the punishment imposed—punishment that should have been anticipated under the plea bargain. He asked the judge to reconsider her sentence. After she denied his written motion to reconsider, he appealed to us.

■ Clearly, we are not empowered to review the sentence. In order to perfect an appeal from the judgment entered, the defendant had to first file a motion to withdraw his guilty plea and to vacate the judgment. See *People v. Evans*, 174 Ill. 2d 320, 332, 673 N.E.2d 244, 250 (1996); *People v. Linder*, 186 Ill. 2d 67, 74, 708 N.E.2d 1169, 1173 (1999). The motion-to-reconsider-sentence provisions of Supreme Court Rule 604(d) (145 Ill. 2d R. 604(d)) do not apply to negotiated pleas. See *Evans*, 174 Ill. 2d at 332, 673 N.E.2d at 250. For a defendant to prevail on a challenge to a sentence pursuant to a negotiated plea, the defendant must move to withdraw his plea and vacate the judgment and show that the relief sought is necessary to correct a manifest injustice. See *Evans*, 174 Ill. 2d at 332, 673 N.E.2d at 250. The rule announced in *Evans* applies in cases where a defendant pleads guilty in exchange for a sentence cap. See *Linder*, 186 Ill. 2d at

74, 708 N.E.2d at 1172-73. By agreeing to plead guilty in return for a recommended sentencing cap, the defendant agrees to abide any sentence that falls within the recommendation. See *Linder*, 186 Ill. 2d at 74, 708 N.E.2d at 1172. If the sentence imposed is within the agreed-upon cap, the defendant must seek to withdraw his plea and to vacate the judgment. See *Linder*, 186 Ill. 2d at 74, 708 N.E.2d at 1172-73.

The defendant acknowledges the jurisdictional defect. However, he insists that his right to appeal should not lay forfeit. He asks us to remand the matter to the trial court for proper advice on how to perfect an appeal from a negotiated guilty plea.

The defendant thought that his written motion to reconsider sentence was a necessary step to appellate review of his sentence. He had good reason to think so. The judge told him that before he could file a notice of appeal, he had to file *either* a written motion asking her to reconsider sentence *or* a motion asking her to allow a guilty plea withdrawal. The admonition tracked the warnings called for by Supreme Court Rule 605(b) (145 Ill. 2d R. 605(b)) (Rule 605(b)), a rule designed to "ensure, *inter alia*, that a defendant knows of Rule 604(d)'s requirements regarding appeals from sentences imposed upon a plea of guilty." *People v. Foster*, 171 Ill. 2d 469, 473, 665 N.E.2d 823, 825 (1996).

We observe the problem. The judge complied with Rule 605(b) and issued the advice that it calls upon a judge to give after an imposition of sentence upon a guilty plea. However, when the rule is followed and its admonition is given after a sentence is imposed upon a *negotiated* guilty plea, a defendant is provided with seriously flawed advice on how to perfect a desired appeal. If the defendant follows the admonition and moves to reconsider a negotiated sentence rather than to withdraw the negotiated plea, the misinformation proves fatal to his intention. He fails to invoke appellate jurisdiction. That is what happened here.

It is a circumstance that mounts a question we now decide. Does the law provide any remedy to a defendant whose appeal fails because he followed faulty information conveyed to him by a judge, even though that judge was mandated by supreme court rule to provide such information? The defendant's right to appeal rests in the balance. If no remedy exists, the defendant will not be afforded appellate review.

It is the State's position that those who negotiate a plea and subsequently fall prey to the misdirection of a Rule 605(b) admonition are simply out of luck. Their efforts fall short of what is required to invoke our powers of review. The State maintains that a failure to modify the rule's admonition with decisional case law beyond the rule is no excuse for a defendant's failure to file a proper postplea motion.

The State finds support for its position in an analogous situation that occurred after our supreme court decided *People v. Wilk*, 124 Ill. 2d 93, 529 N.E.2d 218 (1988), and *People v. Wallace*, 143 Ill. 2d 59, 570 N.E.2d 334 (1991). Those cases held that the jurisdictional requirements of Supreme Court Rule 604(d) could be satisfied by filing a motion to reconsider sentence in lieu of a motion to vacate guilty plea and that the former was a prerequisite to an appeal if the defendant wished to challenge his sentence. See *Wilk*, 124 Ill. 2d at 102-05, 529 N.E.2d at 221-22; *Wallace*, 143 Ill. 2d at 60, 529 N.E.2d at 335.

For a period of time, Rule 605(b) did not conform with these decisions. It did not provide defendants with an admonishment that a motion to reconsider sentence was a jurisdictional requirement for an appeal of a guilty plea sentence. Until a change was made to the rule, judges did not advise defendants on what needed to be done if they wanted to appeal their sentences. Judges simply followed the rule, and its admonitions contained none of the teachings of *Wilk* and *Wallace*.

Defendants who attempted to appeal guilty plea sentences awoke to the new jurisdictional requirement, by way of motions to dismiss filed by the State. We repeatedly refused to fashion a remedy to excuse their failure to file the proper postplea motion. We dismissed their appeals. We did so despite the fact that the defendants were not told of the proper postplea motion to file in order to appeal their sentences. See *People v. Root*, 234 Ill. App. 3d 250, 600 N.E.2d 461 (1992); *People v. Rousey*, 225 Ill. App. 3d 767, 587 N.E.2d 557 (1992); *People v. Theis*, 220 Ill. App. 3d 24, 580 N.E.2d 547 (1991); *People v. Lawrence*, 211 Ill. App. 3d 135, 569 N.E.2d 1175 (1991).

The State draws upon this body of law. It contends that it stands for the principle that where a judge's admonishments comply with Rule 605(b), a failure to admonish of intervening decisional law does not excuse a proper postplea motion. Moreover, the State reminds us that we are not the appropriate tribunal to determine the adequacy of rules promulgated by the supreme court. It suggests that our task is limited to policing the circuit court's compliance with those rules and that, as previously noted, there was substantial compliance in this case.

The defendant counters that the State misses the point. The State relies upon cases where defendants were not told that in order to challenge their sentences they had to file a motion to reconsider. Thus, defendants lost their right to appeal out of ignorance that flowed from an absence of judicial instruction. The defendant suggests that it is one thing to deny a remedy where a defendant complains of incomplete information and that it is quite another to deny recourse to a defendant who relies upon and follows inaccurate information tendered to

him by a judge. The defendant challenges the State to produce a case where a defendant was penalized or lost rights by complying with legally inaccurate judicial instruction.

■ Our supreme court has recognized that a denial of the right to appeal in a criminal case can be subject to due process and equal protection challenges under the federal and state constitutions, even though the right to appeal is not, *per se,* of constitutional dimension. See *Wilk,* 124 Ill. 2d at 105, 529 N.E.2d at 222. The United States Constitution does not require the states to afford convicted defendants a right of appellate review. See *Evitts v. Lucey,* 469 U.S. 387, 393, 83 L. Ed. 2d 821, 827, 105 S. Ct. 830, 834 (1985). If, however, a state creates appellate courts as " 'an integral part of the ... system for finally adjudicating the guilt or innocence of a defendant,' [citation], the procedures used in deciding appeals must comport with the demands of the Due Process and Equal Protection Clauses of the Constitution." *Evitts,* 469 U.S. at 393, 83 L. Ed. 2d at 827-28, 105 S. Ct. at 834.

■ In Illinois there is a constitutional and statutory right to appeal a criminal conviction. See Ill. Const. 1970, art. VI, § 6; 730 ILCS 5/5—5—4.1 (West 1998). However, that right is not absolute. It is circumscribed by our supreme court rules. Since the rules govern the right to appeal, it seems logical to presume that the procedures those rules establish should comport with due process and equal protection.

It has been held that the failure to tender Rule 605(b) admonitions does not rise to the level of constitutional error. See *People v. Cox,* 53 Ill. 2d 101, 106, 291 N.E.2d 1, 4 (1972), *overruled on other grounds* by *People v. Davis,* 156 Ill. 2d 149, 159, 619 N.E.2d 750, 756 (1993). In *People v. Covington,* our supreme court explained:

> "[R]ule [605] stems from the dictates of good practice rather than constitutional command, and where the question has arisen it has been held that the failure of a court to advise of the right to appeal is not a denial of due process or equal protection." *People v. Covington,* 45 Ill. 2d 105, 108, 257 N.E.2d 106, 108 (1970).

If a failure to give expressly required admonitions cannot deny due process, it is difficult to imagine how a defendant could possess a due process right to an admonition not expressly required under the rule. See *Rousey,* 225 Ill. App. 3d at 769, 587 N.E.2d at 558.

Nonetheless, the supreme court has suggested that the rules that govern appeals from guilty pleas are tied to procedural due process. In a case handed down in 1996, after all of the cases relied upon by the State were decided, our supreme court took another look at the relationship between Rule 605(b) and Rule 604(d). It held that a defendant's failure to file a proper Rule 604(d) postplea motion was excused by the trial court's failure to give Rule 605(b) admonish-

ments. See *Foster*, 171 Ill. 2d at 472, 665 N.E.2d at 825. *Foster* teaches that when a guilty plea defendant is not told of the Rule 604(d) prerequisites to an appeal, the appellate court cannot dismiss for lack of jurisdiction but must instead remand for proceedings consistent with Rule 604(d). The supreme court's reasoning is instructive:

"Since a defendant's failure to comply with the written-motion requirements of Rule 604(d) can result in the loss of the right to direct appeal, this court adopted Rule 605(b) as a necessary corollary to Rule 604(d). [Citation.] Rule 605(b) mandates that trial judges admonish defendants regarding the requirements of Rule 604(d), thus *ensuring that the ramifications of noncompliance comport with due process.* [Citation.] *Having been instructed* regarding Rule 604(d)'s mandates, *a defendant cannot then argue procedural unfairness* when he suffers the ramifications of his noncompliance." (Emphasis added.) *Foster*, 171 Ill. 2d at 472, 665 N.E.2d at 825.

We see that Supreme Court Rule 605(b) exists for a reason. If a guilty plea defendant is going to be stripped of the right to a direct appeal because of his failure to comply with appellate rules, the supreme court wants that loss to occur fairly. It wants the defendant forewarned. Thus, Rule 605(b) exists to advise those who enter guilty pleas that certain procedures must be followed in order to perfect an appeal. Its purpose is to provide knowledge of the procedural requirements set forth in Supreme Court Rule 604(d), requirements that must be met in order to maintain an appeal from a guilty plea or sentence imposed upon such a plea.

Unfortunately, with the advent of *Evans* and *Linder*, Rule 605(b) is no longer capable of fulfilling its purpose where the guilty plea at issue is a negotiated plea.

The State points out the difference between our case and the problem confronted by the supreme court in *Foster*. Here, there was no failure by the trial judge to comply with Rule 605(b). She did what the supreme court says she is supposed to do. She gave its admonitions.

In *Foster*, the supreme court fashioned a remedy for a guilty plea defendant who did not receive Rule 605(b) admonishments. It based its call for remand rather than dismissal upon the procedural fairness that those admonishments were established to ensure. We are left to decide what happens when those admonishments no longer ensure procedural fairness—when they operate to misinform a defendant and actually contribute to a noncompliance with the rules that govern the right to appeal.

The question narrows to this. If a remand rather than a dismissal

is required where a judge fails to give Rule 605(b) admonitions—where the judge in effect allows a defendant to face procedural pitfalls in the dark—should we not remand rather than dismiss an appeal where a judge illuminates the wrong path—where the judge in effect guides a defendant to pursue a course directly into the pit? Is it any less procedurally unfair to misinform a defendant on how to perfect an appeal than it is to simply leave a defendant uninformed about what to do?

■ We think that what happened here is actually worse than what happened in *Foster*. In order to dismiss this appeal, we would have to draw an incongruous distinction. It would leave a defendant who enters a negotiated plea and does not receive Rule 605(b) admonitions in a far better position than the defendant who does, even though the latter defendant is mistreated in a manner that exceeds the mistreatment of the former. The defendant left to his own devices might find out that his plea bargain prohibits a motion to reconsider sentence. But even if he filed such a motion, his noncompliance will result in no harm. He is entitled to a remand rather than a dismissal. However, the defendant guided by Rule 605(b) admonitions, the one who is told to file a motion to reconsider sentence, will most assuredly rely upon the information's source and comply with it. Rather than search for what must be done in order to perfect appeal, he will file the motion to reconsider, secure in the belief that a judge would not direct him to pursue a course doomed to failure. He will discover that his faith in a judge's advice was misplaced, like this defendant did, when the State moves to dismiss his appeal for noncompliance with the rule enunciated in *Evans* and *Linder*.

We refuse to accept a position that endorses dismissal without recourse for those defendants who do not invoke our jurisdiction because they relied upon and followed inaccurate judicial instruction. We find that under the facts of this case the procedural fairness that Rule 605(b) was supposed to ensure requires vacating the order denying the motion to reduce sentence. We remand for further admonishment consistent with the rule enunciated in *Evans* and *Linder*.

Vacated and remanded with directions.

GOLDENHERSH, P.J., and RARICK, J., concur.