THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TEJPAUL SINGH JOGI, Defendant-Appellant.

Fourth District    No. 4—98—0623

Opinion filed December 6, 2000.

Robert Agostinelli and Mark D. Fisher (argued), both of State Appellate Defender's Office, of Ottawa, for appellant.

John C. Piland, State's Attorney, of Urbana (Norbert J. Goetten, Robert J. Biderman, and Thomas R. Dodegge (argued), all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCULLOUGH delivered the opinion of the court:

Defendant Tejpaul Singh Jogi appeals from the May 1998 order of the circuit court of Champaign County denying his November 1997 petition for relief pursuant to the Post-Conviction Hearing Act (725

ILCS 5/122—1 through 122—8 (West 1996)) following an evidentiary hearing. In the underlying action, defendant pleaded guilty to aggravated battery with a firearm (720 ILCS 5/12—4.2(a)(1) (West 1994)), and the trial court sentenced him to 12 years' imprisonment. Defendant entered the partially negotiated guilty plea pursuant to negotiations in which the State agreed to request a sentence of no more than 25 years. Defendant filed a motion to reconsider his sentence but did not file a motion to withdraw the guilty plea. This court affirmed the conviction and sentence. *People v. Jogi*, 291 Ill. App. 3d 1142 (September 24, 1997) (unpublished order under Supreme Court Rule 23) (No. 4—96—0995).

In his direct appeal, defendant attempted to raise the issue of his sentence being excessive. Because defendant failed to file a motion to withdraw his partially negotiated guilty plea, the issue was deemed waived on the basis of the rationale in *People v. Evans*, 174 Ill. 2d 320, 332, 673 N.E.2d 244, 250 (1996), and *People v. Catron*, 285 Ill. App. 3d 36, 37, 674 N.E.2d 141, 142 (1996). *People v. Jogi*, slip order at 2-3. Subsequently, the Supreme Court of Illinois, citing *Catron* with approval, decided that a defendant who pleaded guilty pursuant to a partially negotiated guilty plea may not raise on appeal the issue of whether his sentence is excessive unless he moves to withdraw his guilty plea, and the failure to do so requires the appellate court to dismiss the appeal. *People v. Linder*, 186 Ill. 2d 67, 74, 708 N.E.2d 1169, 1172-73 (1999).

In this appeal from the denial of the postconviction petition, defendant argues this cause should be remanded to allow him to file a motion to withdraw his partially negotiated guilty plea because he was denied due process and the right to appeal. In our original decision, we affirmed. *People v. Jogi*, 308 Ill. App. 3d 302, 719 N.E.2d 798 (1999). However, the supreme court in the exercise of its supervisory authority has vacated our original disposition and directed this court to reconsider the cause in light of its recent decision in *People v. Diaz*, 192 Ill. 2d 211, 735 N.E.2d 605 (2000). *People v. Jogi*, 191 Ill. 2d 547 (2000) (nonprecedential supervisory order). We find *Diaz* supportive of our original decision and continue to affirm.

Defendant argues that, since he filed a motion to reconsider the sentence rather than a motion to withdraw the guilty plea consistent with the admonitions he was given after pleading guilty, it was a constitutional violation for this court to refuse to consider on the merits the issue of the excessiveness of the sentence. We disagree. As the analysis in *Linder* demonstrates (*Linder*, 186 Ill. 2d at 74, 708 N.E.2d at 1172-73), this court reached the correct result (refusal to consider the issue), although for the wrong reason (waiver). *Linder*

clearly indicates that this court was without authority to entertain that issue and could not have granted the relief sought on direct appeal. The actions of this court did not violate defendant's rights to due process or to appeal.

*Diaz* followed and applied the rationale in *Linder*. *Diaz*, 192 Ill. 2d at 222-23, 735 N.E.2d at 610-11. In *Diaz*, the supreme court explicitly stated that a motion to withdraw a guilty plea is required whenever the State makes a sentencing concession as part of the plea agreement. *Diaz*, 192 Ill. 2d at 225, 735 N.E.2d at 612.

We note that defendant does not raise in this appeal an issue concerning ineffective assistance of appellate counsel on direct appeal in failing to raise an issue of the ineffectiveness of trial counsel based on the failure to file a motion to withdraw the guilty plea. See *People v. Salazar*, 162 Ill. 2d 513, 520, 643 N.E.2d 698, 702 (1994) (the question of the effectiveness of appellate counsel on direct appeal may appropriately be addressed in a postconviction proceeding). Defendant did allege in his postconviction petition that his trial counsel was ineffective for filing a motion to reconsider the sentence instead of a motion to withdraw the guilty plea. On appeal, defendant concedes the trial court correctly rejected this claim because the supreme court's decision in *Evans*, 174 Ill. 2d at 332, 673 N.E.2d at 244 (requiring the filing of a motion to withdraw a negotiated guilty plea in order for an excessive sentence issue to be raised), was decided and not published until after defendant had filed his motion to reconsider the sentence. Even assuming defendant has not waived the issue of ineffective assistance of trial counsel by failing to raise it on direct appeal (see *People v. Tenner*, 175 Ill. 2d 372, 378, 677 N.E.2d 859, 862 (1997) (issues that could have been raised on direct appeal but were not are waived for purposes of postconviction proceedings)), the *Linder* decision rejected the reasoning relied on by defendant in his concession. *Linder*, 186 Ill. 2d at 75, 708 N.E.2d at 1173.

In this case, defendant pleaded guilty on July 9, 1996; the trial court sentenced him on August 29, 1996; the public defender filed the motion to reconsider the sentence on behalf of defendant on September 11, 1996, and private counsel entered an appearance on behalf of defendant on November 12, 1996; and the trial court denied it on November 22, 1996. The *Evans* opinion was filed on September 19, 1996. *Evans*, 174 Ill. 2d 320, 673 N.E.2d 244. As stated in *Linder*, when *Evans* was announced it applied to all cases then pending and this court had no authority to find otherwise. *Linder*, 186 Ill. 2d at 75, 708 N.E.2d at 1173.

Defendant also contends that he was denied due process because the admonitions given after he pleaded guilty, although conforming to

Supreme Court Rule 605(b) (145 Ill. 2d R. 605(b)), did not conform to the principles announced in *Evans* and *Catron*. Defendant also argues this violated his right to appeal pursuant to section 6 of article VI of the Illinois Constitution of 1970 (Ill. Const. 1970, art. VI, § 6).

■ Generally, a voluntary guilty plea waives all errors or irregularities that are nonjurisdictional, including those relating to constitutional rights. *People v. Mendoza*, 48 Ill. 2d 371, 374, 270 N.E.2d 30, 32 (1971); *People v. Newell*, 41 Ill. 2d 329, 331, 243 N.E.2d 200, 201 (1968); *People v. Robinson*, 25 Ill. App. 3d 52, 58, 322 N.E.2d 505, 508 (1975). Nevertheless, Supreme Court Rule 604(d) (145 Ill. 2d R. 604(d)) provides defendants the opportunity to appeal following a guilty plea and sets forth the procedure for doing so. In this case, defendant does not challenge the constitutionality of the procedures set forth in Rule 604(d). Defendant's argument concentrates on the admonitions given by the trial court as required by Rule 605(b), in spite of the fact that it is Rule 604(d) that has been modified by *Evans* and its progeny.

■ ■ Rule 605(b) states, in relevant part:

"In all cases in which a judgment is entered upon a plea of guilty, at the time of imposing sentence, the trial court shall advise the defendant substantially as follows:

(1) that he has a right to appeal;

(2) that prior to taking an appeal he must file in the trial court, within 30 days of the date on which sentence is imposed, a written motion asking to have the trial court reconsider the sentence or to have the judgment vacated and for leave to withdraw his plea of guilty, setting forth his grounds for the motion;

\* \* \*

(6) that in any appeal taken from the judgment on the plea of guilty any issue or claim of error not raised in the motion to reconsider the sentence or to vacate the judgment and to withdraw his plea of guilty shall be deemed waived." 145 Ill. 2d R. 605(b).

These admonitions must be given to a defendant by the trial judge when imposing sentence following a guilty plea. "Rule 605(b) complements Rule 604(d) and serves as a corollary to the requirements of Rule 604(d)." *People v. Jamison*, 181 Ill. 2d 24, 27, 690 N.E.2d 995, 997 (1998). Although strict compliance with Rule 605(b) is required (*Jamison*, 181 Ill. 2d at 31, 690 N.E.2d at 998), the failure to give such admonitions does not rise to the level of constitutional error (*People v. Cox*, 53 Ill. 2d 101, 106, 291 N.E.2d 1, 4 (1972), *overruled on other grounds by People v. Davis*, 156 Ill. 2d 149, 159, 619 N.E.2d 750, 756 (1993); *People v. Covington*, 45 Ill. 2d 105, 108, 257 N.E.2d 106, 108 (1970)). Therefore, even if *Evans* modifies Rule 604(d), the failure to

give an admonition consistent with *Evans* is not constitutional error and did not violate defendant's rights to due process and appeal. As a corollary matter, the failure to give an admonition not required by Rule 605(b) is also not a violation of defendant's right to due process and to appeal. See *People v. Rousey*, 225 Ill. App. 3d 767, 769, 587 N.E.2d 557, 558 (1992). Since postconviction relief is limited to constitutional deprivations (*People v. Coleman*, 183 Ill. 2d 366, 380, 701 N.E.2d 1063, 1071 (1998)), the failure to admonish in accordance with *Evans* does not form the basis for postconviction relief.

■ Distinguishable from the case at bar is *People v. Clark*, 183 Ill. 2d 261, 271, 700 N.E.2d 1039, 1044 (1998), in which the supreme court reversed and remanded to allow the defendant to file a motion to withdraw the guilty plea. In *Clark*, the proceedings in the trial court had taken place two years prior to the decision in *Evans*, and defense counsel and the trial court did not have the benefit of the *Evans* decision. *Clark*, 183 Ill. 2d at 270, 700 N.E.2d at 1044. *Clark* appears to be limited to the facts of that case. In *Linder*, 186 Ill. 2d at 73-75, 708 N.E.2d at 1172-73, the court discussed *Clark* and, nevertheless, refused to remand to allow the filing of a motion to withdraw the guilty plea in a situation where *Evans* was decided while the defendant's case was still pending in the trial court. In the case at bar, trial counsel had the opportunity to ask to modify the motion to reconsider the sentence to comply with the decision in *Evans*. That was not done.

Also distinguishable from this case is defendant's supplemental authority of *People v. Wright*, 311 Ill. App. 3d 1042, 725 N.E.2d 811 (2000), and *People v. Didier*, 306 Ill. App. 3d 803, 806-07, 715 N.E.2d 321, 323-24 (1999). *Wright*, 311 Ill. App. 3d at 1043, 725 N.E.2d at 812, and *Didier*, 306 Ill. App. 3d at 805, 715 N.E.2d at 322, involved direct appeals and not postconviction proceedings in which the challenge to the trial court's admonitions had not been raised on direct appeal. In addition, the court in *Didier* distinguished that case from *Linder* because, in *Didier*, the sentence exceeded the statutory limit, an issue not waived by the failure to file a motion to withdraw a guilty plea (*Didier*, 306 Ill. App. 3d at 806, 715 N.E.2d at 323).

Similar to *Clark*, all of the relevant events in *Diaz* occurred before the decision in *Evans*. *Diaz*, 192 Ill. 2d at 227, 735 N.E.2d at 613. In this case, the *Evans* decision was "announced" at a time when defense trial counsel had an opportunity to file a timely motion to withdraw the guilty plea. In addition, defendant concedes that he was fully admonished pursuant to Rule 605(b). Therefore, unlike *Clark*, this case does not involve misleading admonitions. Again, the claim of ineffective assistance of defense trial counsel was waived by the failure to raise it on direct appeal, and defendant's postconviction petition does

not allege ineffective assistance of appellate counsel in failing to raise the issue of ineffective assistance of trial counsel on direct appeal. Moreover, the recent decision in *Diaz* does not state that the trial court's giving of admonitions in conformance with Rule 605(b) amounts to a violation of due process in light of *Evans* and its progeny.

The judgment of the circuit court of Champaign County is affirmed.

Affirmed.

STEIGMANN, P.J., and GARMAN, J., concur.