THIRD DIVISION                                                     FILED: June 6, 2001

No. 1-98-4491

THE PEOPLE OF THE STATE OF ILLINOIS, )    Appeal from the

                                     )    Circuit Court of

          Plaintiff-Appellee,        )    Cook County.

                                     )  

                   v.                )    No. 91 CR 16182

                                     )

MARCUS BATES,                        )    Honorable

                                     )    Edward M. Fiala, Jr.,

          Defendant-Appellant.       )    Judge Presiding. 

     PRESIDING JUSTICE HALL delivered the opinion of the court:

     The defendant, Marcus Bates, appeals from the dismissal of his petition for relief pursuant to the Post-Conviction Hearing Act (the Act) (725 ILCS 5/122-1 
et
 
seq
. (West 1998)).  The circuit court of Cook County found that there was no merit to the defendant's allegations.  The defendant appeals.  We reverse the order of the circuit court and remand for further proceedings.

     On July 19, 1991, the defendant, then 15 years old, was charged as an adult with two counts of first degree murder, felony murder, conspiracy to commit first degree murder, conspiracy to commit armed robbery and attempted armed robbery.  On February 14, 1992, the State dismissed the conspiracy-to-commit-first-degree- murder charge.  On February 19, 1992, the defendant pleaded guilty to the three murder counts and the attempted-armed-robbery count and was sentenced to terms of 50 years for murder and 15 years for attempted armed robbery. The sentences were to be served concurrently.  On March 4, 1992, after pronouncing sentence, the trial court admonished the defendant as follows:

"I will advise you that you have a right of appeal.  Before you may perfect that appeal, Mr. Bates, you or someone on your behalf must file within 30 days from today a paper, and that paper service is called a motion.  In that motion, you must demonstrate why I should give you leave or permission to withdraw your plea of guilty.  If I grant your motion, you may again be prosecuted for first degree murder, conspiracy to commit murder and attempt armed robbery once again ***."  

     The defendant did not file any postplea motions, nor did he file an appeal from his convictions and sentences.  However, on September 29, 1998, he filed a postconviction petition in which he alleged that the sentences imposed were excessive and that the trial court did not consider his rehabilitative potential.  He also filed a motion for leave to file a late petition.  As set forth in the petition and the motion, the defendant maintained that his late filing should be excused because there are no provisions for juveniles under the Act and because he was originally confined to a juvenile facility and lacked legal assistance and access to a law library.  The trial court denied the petition solely on the basis that it lacked merit.

     At the outset, the State contends that the defendant's petition was not filed in accordance with the limitation periods set forth in the Act, and since the defendant failed to demonstrate that his failure to timely file his petition was not due to his culpable negligence, the trial court properly could have dismissed the petition on that basis as well.  

     Since the defendant did not file an appeal in this case, he was required to file his postconviction petition no later than three years from the date of his conviction, or March 4, 1995.  See 725 ILCS 5/122-1(c) (West 1998).  Since the defendant did not file his petition until over three years after March 4, 1995, the State concludes that his petition is untimely and that its dismissal should be affirmed.

      The State may not raise the issue of timeliness of the petition for the first time on appeal.  
People v. Wright
, 189 Ill. 2d 1, 11, 723 N.E.2d 230, 236 (1999).
 
 Our supreme court explained that allowing the State to raise the issue for the first time on appeal prevents a petitioner from having the opportunity to amend his petition to include facts showing that his failure to timely file his petition was not due to his culpable negligence.  
Wright
, 189 Ill. 2d at 11, 723 N.E.2d at 236.  Therefore, the issue of the untimeliness of the defendant's petition is not properly before us.  Likewise, the issue of whether the State has waived the issue as to the untimeliness of the defendant's petition for purposes of further proceedings is not properly before us.

     We turn now to the merits of the defendant's petition.  

     The Illinois Post-Conviction Hearing Act provides a mechanism by which those under criminal sentence in this state can assert that their convictions were the result of a substantial denial of their rights under the United States Constitution or the Illinois Constitution or both.  
People v. Coleman
, 183 Ill. 2d 366, 378-79, 701 N.E.2d 1063,1070-71 (1998); see 725 ILCS 5/122-1 (West 1998).  The general requirement that a postconviction petitioner set forth the gist of a meritorious claim means that he must allege sufficient facts from which the circuit court could find a valid claim of deprivation of a constitutional right.  
People v. Arias
, 309 Ill. App. 3d 595, 597, 722 N.E.2d 1160, 1162 (1999).  The appropriate standard of review is plenary.  
Coleman
, 183 Ill. 2d at 389, 701 N.E.2d at 1075.

     In his postconviction petition, the defendant alleged that his constitutional rights had been violated in that the sentence he received was excessive and that the trial court failed to consider his rehabilitative potential.  The State responds that an allegation that a sentence, although within statutory grounds, is excessive is not cognizable under the Act.  See 
People v. Ballinger
, 53 Ill. 2d 388, 390, 292 N.E.2d 400, 401 (1973).  

     However, on appeal, the defendant has abandoned his excessive- sentence argument and now contends, for the first time, that the trial court's failure to properly admonish him as to the procedures for taking an appeal following his guilty plea violated his constitutional rights.  The defendant argues that the trial court incorrectly admonished him that if he wished to appeal from his guilty plea, he must first move to vacate his guilty plea, which, if successful, would result in the reinstatement of all charges against him, including the one dismissed by the State, when in fact the defendant could have filed a motion to reconsider only his sentence.  

     Any claim of substantial denial of constitutional rights not raised in the original or amended petition is waived.  
People v. Davis
, 156 Ill. 2d 149, 158, 619 N.E.2d 750, 755 (1993).  Where fundamental fairness so requires, however, strict adherence to the rule of waiver may be avoided.  
Davis
, 156 Ill. 2d at 158, 619 N.E.2d at 755.   
     

     Supreme Court Rule 604(d) sets forth the procedure a defendant must follow in order to perfect an appeal from a guilty plea.  188 Ill. 2d R. 604(d).  Supreme Court Rule 605(b) contains the admonishments the trial court must give to a defendant to assure that the defendant is aware of the procedures he must follow in order to perfect an appeal from a guilty plea.  188 Ill. 2d R. 605(b).

     The defendant entered his plea of guilty on February 19, 1992, and was sentenced on March 4, 1992.  At the time of his plea and sentence, Rule 605(b) provided in pertinent part as follows:

     "In all cases in which a judgment is entered upon a plea of guilty, at the time of imposing sentence, the trial court shall advise the defendant substantially as follows:

      ***      

      (2) that prior to taking an appeal he must file in the trial court, within 30 days of the date on which sentence is  imposed, a written motion asking to have the judgment vacated and for leave to withdraw his plea of guilty, setting forth his grounds for the motion ***." 134 Ill. 2d 605(b).

Therefore, the trial court's Rule 605(b) admonitions to the defendant conformed to Rule 605(b) at the time of the defendant's sentencing.

     However, while the trial court's admonishments conformed to Rule 605(b) as it was then written, they were not in accordance with the supreme court's interpretation of Supreme Court Rule 604(d) (134 Ill. 2d R. 604(d)) in 
People v. Wallace
, 143 Ill. 2d 59, 570 N.E.2d 334 (1991), and 
People v. Wilk
, 124 Ill. 2d 93, 529 N.E.2d 218 (1988).  In 
Wilk
, the supreme court 
held that a defendant wishing only to challenge his sentence on appeal need not file a motion to withdraw his guilty plea.  
Wilk
, 124 Ill. 2d at 110, 529 N.E.2d at 224.  Instead, if a defendant is complaining only about his sentence, it is sufficient that he file a motion attacking only the sentence prior to appeal.  
Wallace
, 143 Ill. 2d at 60-61, 570 N.E.2d at 335.  Following the decisions in 
Wallace
 and 
Wilk
, Rule 604(d) (as well as Rule 605(b)) was amended to allow the filing of a 
motion to reconsider the sentence where only the sentence is being challenged.  
People v. Evans
, 174 Ill. 2d 320, 331, 673 N.E.2d  244, 249 (1996).

    The State points out that failure to advise a defendant of the right to an appeal is not a denial of due process or of equal protection.  
People v. Cox
, 53 Ill. 2d 101, 106, 291 N.E.2d 1, 4 (1972) 
overruled on other grounds by 
Davis
, 156 Ill. 2d 149, 619 N.E.2d 750.  However, in this case, the trial court went further than failing to advise the defendant of his right to appeal.  The trial court wrongly advised the defendant that in order to exercise his right to an appeal, he would have to risk the reinstatement of the dismissed charges, when, in fact, he could have moved for reconsideration of his sentence without a detrimental impact on his guilty plea.   

     Although not in the context of a postconviction proceeding, other districts have found that "misinformation" from the sentencing judge, even though the admonitions were in compliance with Rule 605(b), would be violative of a defendant's rights to due process if the result would be the dismissal of the defendant's appeal.  See 
People v. Wright
, 311 Ill. App. 3d 1042, 725 N.E.2d 811 (5th Dist 2000); 
People v. Foster
, 308 Ill. App. 3d 286, 719 N.E.2d 1163 (3rd Dist. 1999); 
People v. Doguet
, 307 Ill. App. 3d 1, 716 N.E.2d 818 (2nd Dist. 1999).  

     In 
Wright
, the defendant received the admonishments as set forth in Rule 605(b) but, as the court noted, for a period of time, Rule 605(b) did not conform with the decisions of our supreme court.  
Wright
, 311 Ill. App. 3d at 1045, 725 N.E.2d at 813.  While acknowledging the holding in 
Cox
, the court noted that in a more recent case, the supreme court had taken another look at the relationship between Rule 605(b) and Rule 604(d).  
Wright
, 311 Ill. App. 3d at 1046, 725 N.E.2d at 814-15.   The 
Wright
 court observed that, in 
People v. Foster
, 171 Ill. 2d 469, 665 N.E.2d 823 (1996), our supreme court held that the rules that govern appeals from guilty pleas are tied to procedural due process.  The 
Wright
 court stated as follows:

"
Foster
 teaches that when a guilty plea defendant is not told of the Rule 604(d) prerequisites to an appeal, the appellate court cannot dismiss for lack of jurisdiction but must instead remand for proceedings consistent with Rule 604(d).  The supreme court's reasoning is instructive:

'Since a defendant's failure to comply with the written-motion requirements of Rule 604(d) can result in the loss of the right to direct appeal, this court adopted Rule 605(b) as a necessary corollary to Rule 604(d). [Citation.] Rule 605(b) mandates that trial judges admonish defendants regarding the requirements of Rule 604(d), thus 
ensuring that the ramifications of noncompliance comport with due process.
 [Citation.] 
Having been instructed
 regarding Rule 604(d)'s mandates, 
a defendant cannot then argue procedural unfairness
 when he suffers the ramifications of his noncompliance.'  (Emphasis added.) [Citation.]" 
Wright
, 311 Ill. App. 3d  at 1047, 725 N.E.2d at 815.

     That the failure to give Rule 605(b) admonishments is an issue of constitutional magnitude has been reinforced by the recent actions taken by our supreme court with regard to 
People v. Jogi
, 308 Ill. App. 3d 302, 719 N.E.2d 798 (1999).  Some judicial history is necessary.

     Jogi sought postconviction relief on the basis that he was denied procedural due process by the trial court's failure to incorporate its Rule 605(b) admonitions with the principles announced in by the supreme court in 
Evans
.  See 
Evans
, 174 Ill. 2d at 332, 673 N.E.2d at 250 (motion-to-reconsider-sentence clause of Rule 604(d) applies only to "open" guilty pleas, not negotiated agreements).  Jogi had entered into a partially negotiated plea pursuant to which the State agreed to request a particular sentencing range.  The trial court imposed a sentence falling within the recommended range.  Jogi failed to move to withdraw his guilty plea but, instead, filed a motion to reconsider his sentence.  The reconsideration motion was denied, and Jogi challenged the propriety of his sentence on review.   Relying on 
Evans
, the Fourth District did not reach the merits of Jogi's appeal because he had not moved to withdraw his plea of guilty prior to filing an appeal.  
Jogi
, 308 Ill. App. 3d at 303, 719 N.E.2d at 800 (
Jogi I
).  

     Jogi thereafter sought relief under the Act claiming that he was denied due process by the trial court's failure to include the ruling of 
Evans
 in its Rule 605(b) admonishments.  Like the defendant in the present case, Jogi argued that due process required the trial court to incorporate its mandated admonitions with supreme court case law modifying the procedure mandated by Rule 604(d).  Following an evidentiary hearing, the petition was denied.

     On appeal from the denial of his petition, the Fourth District rejected Jogi's due process claim.  Noting that although strict compliance with Rule 605(b) is mandatory, the court cited prior supreme court decisions holding that the failure to give Rule 605(b) admonitions did not rise to the level of constitutional error.  
Jogi I
, 308 Ill. App. 3d at 305, 719 N.E.2d at 801, citing 
Cox
, 53 Ill. 2d at 106, 291 N.E.2d at 4.  On this basis, the court concluded: 

"[e]ven if 
Evans
 modifies Rule 604(d), the failure to give an admonition consistent with 
Evans
 is not constitutional error and did not violate [Jogi's] rights to due process and appeal.  As a corollary matter, the failure to give an admonition not required by Rule 605(b) is also not a violation of [Jogi's] right to due process and to appeal. [Citation.]."  
Jogi I
, 308 Ill. App. 3d at 305, 719 N.E.2d at 802.

Since the trial court's failure to admonish Jogi in accordance with 
Evans
 did not rise to the level of constitutional error, the court affirmed the denial of Jogi's request for constitutional relief.  
Jogi I
, 308 Ill. App. 3d at 305, 719 N.E.2d at 802.

     Upon Jogi's petition for leave to appeal, our supreme court vacated the Fourth District's decision and directed the court to reconsider its decision in light of 
People v. Diaz
, 192 Ill. 2d 211, 735 N.E.2d 605 (2000).  
People v. Jogi
, 191 Ill. 2d 547, 738 N.E.2d 906 (2000).  
Diaz pleaded guilty in exchange for the dismissal of certain charges and certain sentencing considerations.  The trial court admonished him that he had to file either a motion to withdraw his guilty plea or a motion to reconsider sentence prior to taking an appeal.  Diaz filed a motion to reconsider his sentence but did not move to withdraw his guilty plea.  His motion to reconsider was denied, and he appealed.

     On appeal, a majority of the appellate court held that 
Evans
 did not require a defendant to move to vacate his guilty plea where the State did not agree to recommend a specific sentence as part of the plea agreement and 
reversed and remanded the case based upon the merits of sentencing issues Diaz raised.  
Diaz
, 192 Ill. 2d at 212-13, 735 N.E.2d at 606.

     On appeal by the State, the supreme court disagreed and vacated the appellate court's decision.  However, the court further determined that since neither the trial court nor Diaz had had the benefit of its ruling in 
Evans
 at the time of the trial court's admonitions, "fundamental fairness" required a remand with instructions that the trial court properly admonish Diaz in light of 
Evans
 and allow him the chance to withdraw his plea.  
Diaz
, 192 Ill. 2d at 227-28, 735 N.E.2d at 613.  

     Returning to the 
Jogi
 saga, the Fourth District was unpersuaded by 
Diaz
, noting that, unlike the situation in 
Diaz
,

in Jogi's case, the decision in 
Evans
 had been announced at a time when Jogi could have filed a motion to withdraw his plea of guilty.  The court further noted that 
Diaz
 did not hold that the trial court's giving of admonitions in conformance with Rule 605(b) amounted to a violation in light of 
Evans
 and its progeny.  
People v. Jogi
, 317 Ill. App. 3d 532, 537-38, 740 N.E.2d 88, 92 (2000) (
Jogi II
).

     However, in a supervisory order issued April 4, 2001, the supreme court vacated the Fourth District's decision in 
Jogi II
 and, without further explanation, remanded the cause to the trial court "with directions to enter an order allowing [Jogi] an opportunity to file a motion to withdraw [his] guilty plea."  
People v. Jogi
, No. 90764 (April 4, 2001).  

     The supreme court's opinions in 
Foster
 and 
Diaz
, as well as its handling of the Fourth District's decisions in 
Jogi I
 and 
Jogi II
, lead us to conclude that the defendant's claim for postconviction relief in the instant matter possesses constitutional merit.  
Foster
 clearly indicates that a criminal defendant's due process rights are implicated when Rule 605(b) admonitions are given.  What can be gleaned from the supreme court's opinion in 
Diaz
 and its handling of the 
Jogi
 decisions is that fundamental fairness further requires that a criminal defendant be given admonitions that completely and accurately convey the procedural mandates outlined by Rule 604(d), which in turn requires the trial judge not only to substantially comply with Rule 605(b) as written but to incorporate, when necessary, supreme court case law that effectively modifies Rule 604(d)'s operation.  Procedural unfairness results where the trial court, while substantially conveying the strictures of Rule 605(b), neglects to incorporate pertinent case law rulings and, as a result, the defendant does not follow the proper procedure in seeking review from his guilty plea.
(footnote: 1)
     Rule 605(b) exists to inform criminal defendants of the necessary procedural requirements outlined in Rule 604(d).  Our supreme court has clearly placed an obligation on trial judges to instruct defendants, independent of any information provided by their attorneys, as to the procedure for appealing from pleas of guilty.  Unfortunately, the version of Rule 605(b) at issue here was no longer capable of fulfilling its intended purpose in light of the rulings in 
Wilk
 and 
Wallace
.  We believe that fundamental fairness commands that the information related by the trial court be legally accurate and not misleading to defendants.  

      We conclude that the defendant has stated the gist of a meritorious claim of deprivation of a constitutional right and that the trial court erred in dismissing his petition as meritless.

     The judgment of the circuit court dismissing the defendant's petition for postconviction relief is reversed, and the cause is remanded for proceedings consistent with the views set forth in this opinion.       

     Reversed and remanded with directions.

     CERDA and BURKE, JJ., concur.

     

FOOTNOTES
1:  While we are cognizant that the supreme court's orders in 
Jogi
 lack precedential value (see 
Scheidler v. Cook County Officers Electoral Board
, 276 Ill. App. 3d 297, 657 N.E.2d 1089 (1995)) and are not dispositive of the issue presented by the defendant's appeal, the supreme court's approach in that case is instructive and cannot be ignored.  Undoubtedly, the supreme court did not agree with the Fourth District's disposition of the due process issue raised by Jogi's postconviction claim, which substantially mirrors the claim asserted by the defendant here, and was not persuaded by the court's efforts to distinguish 
Diaz
, a case the court certainly believed supported Jogi's position.