JOSEPH SCHEIDLER *et al.*, Petitioners-Appellants, v. COOK COUNTY OFFICERS ELECTORAL BOARD *et al.*, Respondents-Appellees.

First District (3rd Division)    No. 1—94—2345

Opinion filed November 8, 1995.

Craig H. Greenwood, of Downers Grove, for appellants.

Jack O'Malley, State's Attorney, of Chicago (Patricia Shymanski, Patricia M. Moser, and Jeffrey S. McCutchan, Assistant State's Attorneys, of counsel), for appellees Cook County Clerk and Cook County Officers Electoral Board.

Daniel J. Kelley and Alan J. Spitz, both of Chicago, for appellee George E. Larney.

James M. Scanlon, of Rieff & Scanlon, of Chicago, for Chicago Board of Election Commissioners, Michael J. Hamblet, Arnette Hubbard, and Christopher Robling.

PRESIDING JUSTICE GREIMAN delivered the opinion of the court:

On April 14, 1994, petitioners filed a petition contesting the primary election held on March 15, 1994, and alleging that the name of Lawrence Joseph Joyce (Joyce) was not listed on some ballots. Petitioners requested the court to invalidate the primary election, schedule a new primary and order respondents to pay the attorney fees and costs of petitioners.

The circuit court granted the respondents' various motions to dismiss and we affirm.

On appeal the parties primarily present two issues: (1) whether a supervisory order entered by the Illinois Supreme Court dispositively

determined that the name of Joyce should appear on the primary ballot; and (2) whether petitioners have stated a cause of action cognizable under section 1983 of the Federal civil rights law (42 U.S.C.A. § 1983 (West 1994)).

The facts of the present appeal are related to earlier litigation involving the underlying dispute of whether or not Joyce's name should appear on the primary election ballot. Legg v. Cook County Officers Electoral Board (Cook County Circuit Court No. 94 Co. 69) (hereinafter referred to as the *Legg* case).

Petitioner Joyce sought to be the Republican Party's nominee for the office of Representative in Congress for the 9th Congressional District. To this end, Joyce filed nomination papers for that office and thereafter Steven H. Legg filed objections to Joyce's nominating petitions.

On February 3, 1994, the Cook County Officers Electoral Board overruled the objections of Legg, declared that Joyce's nomination papers were valid and ordered that Joyce's name be placed on the primary election ballot. Legg appealed this decision to the circuit court of Cook County.

On February 22, 1994, the circuit court reversed the decision of the Cook County Officers Electoral Board and ordered Joyce's name to be removed from the ballot. The circuit court directed its ruling to the Cook County clerk and the order specifically stated:

> "[T]he name LAWRENCE JOSEPH JOYCE shall not appear on the Republican ballot as a candidate for U.S. Congress (Ill. 9th Cong. Dist.) in the March 15, 1994 Primary Election or ballots printed by the County Clerk, subject to modification by an appellate court; and 3) the County Clerk shall continue the process of issuing absentee ballots with Respondent Joyce's name as a candidate, subject to modification of the appellate court."

The order further directed the county clerk to remove the name of Joyce from the primary ballot by means of a sticker and if Joyce's "name does not appear on the March 15, 1994 Primary ballot, any absentee ballots cast for Joyce will not be counted by the County Clerk." Joyce appealed the circuit court order to this court.

On March 4, 1994, this court entered a one-page order summarily affirming the February 22, 1994, order of the circuit court and stating that an opinion would follow at a later date. Subsequently, however, this March 4 order was vacated by a supreme court supervisory order entered on March 14, 1994.

On March 11, 1994, Joyce filed with the Illinois Supreme Court an emergency motion for a supervisory order pursuant to Supreme

Court Rule 383. 155 Ill. 2d R. 383 (effective February 1, 1994, as amended).

On March 14, 1994 (the day before the primary election), the supreme court entered an order (No. 76954) in response to Joyce's motion:

> "IT IS ORDERED that the motion for supervisory order is *allowed*. The Appellate Court, First District, is directed to enter an order directing that movant Lawrence Joseph Joyce shall be replaced on the ballot for the office of Representative in Congress, 9th Congressional District, Republican Party, in the primary election of March 15, 1994."

On that same date (March 14, 1994), as directed by the supreme court order, this court entered the order replacing Joyce's name on the ballot.

To comply with the dictate of the court order regarding the placement of Joyce's name on the ballot, the respondents encountered numerous logistical obstacles and practical difficulties of modifying ballots approximately 24 hours before the opening of the polls. The tasks included ordering self-adhesive stickers to be printed with Joyce's name, delivering the printed stickers to 333 precinct polling places, instructing the election judges at each precinct to insert the stickers in the ballots, and affixing the stickers at the appropriate pages.

The following day (March 15) the primary election was held and Joyce was defeated by respondent George Edward Larney.

Before turning to petitioners' post-election activities in this case, it would be well for us to reiterate the thought expressed by us in *McDunn v. Williams* (1992), 247 Ill. App. 3d 935, 618 N.E.2d 262, *vacated* (1993), 156 Ill. 2d 288, 620 N.E.2d 385, that respectfully requested our supreme court to turn its attention to the pre-election litigation phenomenon and develop a supreme court rule providing for an explicit timetable of appellate consideration in this genre of cases.

On April 14, 1994, petitioners filed the instant election contest alleging that they and other voters similarly situated were either unable to vote at all or unable to vote in secrecy for candidate Joyce because his name was not included on some ballots. The petition included two counts.

Count I alleged a cause of action under section 1983 of the Federal civil rights law (42 U.S.C.A. § 1983 (West 1994)) and requested the court to (1) invalidate the primary election held on March 15, 1994; (2) schedule a new primary; and (3) order respondents to pay the attorney fees and costs of petitioners.

Count II alleged a cause of action under the Illinois Election Code (10 ILCS 5/1—1 *et seq.* (West 1992)). In count II, petitioners repeated the same three requests stated in count I, *i.e.,* declare the primary election of March 15 to be invalid; schedule a new primary; and order payment of attorney fees and costs. In addition, petitioners requested that respondents be ordered to pay the campaign expenses of Joyce.

Respondents Chicago Board of Election Commissioners and its members in their official capacities (Michael J. Hamblet, Arnette Hubbard and Christopher Robling) (hereinafter collectively referred to as the Chicago respondents) filed a motion to dismiss pursuant to section 2—615 of the Code of Civil Procedure (Code) for failure to state a cause of action. 735 ILCS 5/2—615 (West 1992).

Respondents Cook County Officers Electoral Board, its members in their official capacities (Daniel P. Madden, Donald A. Mizerk and Kelly Peters), and David C. Orr in his official capacity as the Cook County clerk (hereinafter collectively referred to as the Cook County respondents) filed a motion to dismiss pursuant to section 2—619 of the Code. 735 ILCS 5/2—619 (West 1992).

In their motions, the respondents argued, among other things, that another action was pending between the same parties for the same cause (*i.e.,* the *Legg* litigation); absolute or qualified immunity protected the various respondents; and the petition failed to include essential allegations.

On June 17, 1994, the circuit court granted the various motions to dismiss. Thereafter, on June 27, 1994, the circuit court granted petitioners' motion to reconsider but denied their request for relief.

Next, on June 29, 1994, this court entered an order dismissing the *Legg* case as moot because the relief requested by Joyce had been granted by the Illinois Supreme Court and this court.

On July 1, 1994, petitioners filed a notice of appeal as to the instant case, challenging the orders of June 17 and June 27. On July 7, petitioners filed a motion to withdraw the July 1 appeal and a second motion to reconsider. On the same day (July 7), the circuit court (1) granted the motion to dismiss the July 1 appeal; (2) granted the second motion to reconsider; and (3) denied the relief prayed for in the second motion to reconsider in its entirety. On July 14, 1994, petitioners filed another notice of appeal which is now before this court.

Initially we note that, at oral argument before this court, petitioners clarified their position on appeal which appropriately narrows the issues for our consideration. First, petitioners advised this court that the relief they now seek is for damages only, not a new election,

and they no longer intend to pursue the matter as a class action. They now seek only damages for attorney fees and Joyce's campaign expenses. Petitioners further explained that to obtain the relief now sought, they are asking this court to remand the matter to the trial court to amend the pleadings to reflect a cause of action under section 1983 for damages only and the named petitioners only. Moreover, petitioners acknowledged that the only possible parties properly named as respondents would be the City of Chicago and Cook County since the individuals named were sued only in their official capacities.

In accordance with petitioners' clarification, we do not address petitioners' cause of action based on the Illinois Election Code and further note that under Illinois Supreme Court Rule 341 (155 Ill. 2d R. 341(e)(7)), petitioners have waived any challenge to the dismissal of count II of their complaint. Thus, the only count properly on appeal concerns the section 1983 claim.

Petitioners first assert that the supreme court, by its supervisory order entered on March 14, 1994, dispositively determined that the name of Joyce was to appear on the ballot in the primary election.

The Chicago respondents contend that the one-sentence supervisory order did not dispositively conclude that Joyce was a *bona fide* candidate whose nomination papers were valid and for whom votes should be counted. The Chicago respondents observe that the order did not indicate the supreme court's motive or reasoning for entering the order and did not mention, much less decide, the merits of any of the issues involved in the *Legg* case.

The Cook County respondents contend that the supervisory order does not constitute a dispositive ruling on the merits of the *Legg* case because the order does not contain findings or rationale.

While we recognize the summary nature of the supervisory order (*cf., Dugan v. Cook County Officers Electoral Board* (1988), 119 Ill. 2d 555, 520 N.E.2d 637 (detailed order); *People v. Washington* (1991), 142 Ill. 2d 663, 582 N.E.2d 183 (vacated the appellate court decision in light of recent supreme court decision)), we find that whether or not the supervisory order can be construed as a holding on the merits is moot because petitioners secured the exact relief they sought, *i.e.,* Joyce's name on the ballot. Even if it is assumed that the matter was not moot, we note that the supervisory order could not be cited as precedential as to the merits.

Second, petitioners assert that their rights were abridged by the actions and inaction of the respondents. Petitioners maintain that the Cook County clerk violated two decisions: (1) the February 3, 1994, decision of the Cook County Officers Electoral Board to place

Joyce's name on all ballots and (2) the February 22, 1994, order of the circuit court to remove Joyce's name from ballots printed by the Cook County clerk. Petitioners also maintain that the Chicago Board of Election Commissioners violated the February 22, 1994, order of the circuit court when it removed Joyce's name from the City of Chicago absentee ballots.

The Chicago respondents contend that they are immune from damages under section 1983 because (1) the individually named commissioners (Hamblet, Hubbard and Robling) are being sued in their official capacities only and thus damages can only be assessed against the governmental body, not against the officials personally; and (2) the Chicago Board of Election Commissioners is not a "person" that may be liable for damages under section 1983.

In the alternative, the Chicago respondents contend that petitioners have failed to state a cognizable cause of action under section 1983.

Similarly, the Cook County respondents assert that petitioners failed to state a cause of action based on section 1983. The Cook County respondents advance the following arguments: (1) the respondent Cook County Officers Electoral Board is immune from the section 1983 claims under the doctrines of absolute judicial immunity and qualified immunity; (2) respondent Cook County Officers Electoral Board is the true party respondent in this matter because the individual members (Madden, Mizerk and Peters) were sued in their official capacities as members of that board and a suit against a public official in the person's official capacity is construed as a suit against the office, not the person; (3) petitioners' section 1983 claim against election authorities in their official capacities fails because petitioners did not identify any custom, policy or practice of the Cook County respondents that caused petitioners' injuries in this matter; and (4) petitioners' complaint lacks the specific allegations necessary to give rise to a constitutional cause of action under section 1983.

A section 1983 claim seeking damages is not mooted by the general election. *Briscoe v. Kusper* (7th Cir. 1970), 435 F.2d 1046, 1052; *Lizak v. Kusper* (N.D. Ill. 1974), 399 F. Supp. 1270, 1273-74, *aff'd without op.* (7th Cir. 1974), 506 F.2d 1405.

Section 1983 provides in relevant part as follows:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State *** subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in

equity, or other proper proceeding for redress." 42 U.S.C. § 1983 (1988).

■ Section 1983 is not itself a source of substantive rights but merely provides a method for vindicating Federal rights which are conferred elsewhere. *Albright v. Oliver* (1994), 510 U.S. 266, 271, 127 L. Ed. 2d 114, 122, 114 S. Ct. 807, 811.

Substantial differences exist between the prerequisites for municipal liability and personal liability under section 1983. *Doe v. Calumet City* (1994), 161 Ill. 2d 374, 397, 641 N.E.2d 498 (a gender discrimination claim under section 1983 was found to exist against an individual police officer and the city).

To state a cause of action for municipal liability under section 1983, the "plaintiffs must establish (1) that they have suffered the deprivation of a constitutionally protected interest, and (2) that the deprivation was caused by an official policy, custom, or usage of the municipality." *Doe*, 161 Ill. 2d at 402, citing *Monell v. Department of Social Services* (1978), 436 U.S. 658, 694, 56 L. Ed. 2d 611, 638, 98 S. Ct. 2018, 2037-38.

To state a section 1983 claim against an individual, the plaintiffs must allege sufficient facts to support two elements: (1) that the individual deprived them of a Federal right and (2) that the individual acted under color of State law. (*Doe*, 161 Ill. 2d at 397.) Since petitioners acknowledged that the individuals named in the petition as respondents are not proper parties for the relief requested, we need not further examine individual liability under section 1983 or individual arguments for immunity.

■ The first step in any section 1983 claim is to identify the specific constitutional right allegedly infringed. (*Albright*, 510 U.S. at 271, 127 L. Ed. 2d at 122, 114 S. Ct. at 811.) It is axiomatic that the identification of such right is necessary to establish the first element of a section 1983 claim based on either municipal or personal liability. See *Trautvetter v. Quick* (7th Cir. 1990), 916 F.2d 1140, 1148.

■ With these principles in mind and in light of petitioners' acknowledgment that their complaint would now have to be repled to seek relief under section 1983, we find that the instant petition fails to state a cognizable action under section 1983. The petition fails to identify the specific constitutional right allegedly infringed. Even if a constitutionally protected interest was properly specified, the second element of a section 1983 cause of action for municipal liability requires petitioners to establish that "the deprivation was caused by an official policy, custom, or usage of the municipality." (*Doe*, 161 Ill. 2d at 402.) The present petition has not alleged any policy, custom or practice that deprived petitioners of their rights. Furthermore,

petitioners' request for damages based on Joyce's campaign expenses was alleged in count II, not the section 1983 claim. Moreover, petitioners never offered an amended complaint to the trial court and, absent such a proffer, cannot obtain such relief on appeal.

For all the foregoing reasons, we affirm the dismissal of the petition.

Affirmed.

RIZZI and TULLY, JJ., concur.