In the
United States Court of Appeals
For the Seventh Circuit

No. 00-2840

CARLOS HENDERSON and CHARLIE RICHARDSON,

Plaintiffs-Appellants,

v.

OFFICER DENNIS BOLANDA, STAR NO. 32,/*

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 99 C 5908--James H. Alesia, Judge.

Argued January 8, 2001--Decided May 16, 2001


  Before POSNER, MANION, and KANNE, Circuit
Judges.

  MANION, Circuit Judge.  Carlos Henderson
and his grandfather, Charlie Richardson,
sued the Village of Dixmoor, Illinois,
and three of its police officers,
Officers Recendez, Bolanda and Kelly, for
injuries resulting from Henderson's
arrest and subsequent prosecution. After
the filing of an amended complaint,
removal of the action to federal court
and the dismissal of all defendants
except Officer Bolanda, Bolanda moved to
dismiss the case against him because the
statute of limitations had expired. The
district court granted his motion, and
Henderson appeals./1 We affirm.

I.  Background

  When reviewing a motion to dismiss, we
view all the facts alleged in the
complaint and the reasonable inferences
therefrom in the light most favorable to
the plaintiff. See Kelly v. City of
Chicago, 4 F.3d 509, 510 (7th Cir. 1993).
This case arises out of the arrest of
Carlos Henderson on May 8, 1997, which
Henderson's grandfather, Charlie
Richardson, witnessed. According to both
the original and amended complaints,
Henderson was driving his car in Dixmoor
when Officer Recendez pulled him over for
a traffic violation. Recendez gave him a
citation and Henderson continued on to

his residence. Officers Recendez, Kelly and Bolanda then followed Henderson, and upon Henderson's arrival at home they got out of their cars, approached Henderson and proceeded to attack him. After attacking him, the officers handcuffed and arrested Henderson, charging him with fleeing, battery, resisting arrest and traffic violations. Henderson's grandfather, Richardson, witnessed the attack and asked Officer Kelly what crime his grandson had committed. Officer Kelly responded by pointing his weapon at Richardson and ordering him to get back. Henderson was subsequently prosecuted in state court based on the arrest and found not guilty on August 11, 1997.

On May 10, 1999, Henderson and Richardson filed a complaint in state court wherein Henderson alleged state law claims of excessive force, negligence, false arrest and malicious prosecution against the three police officers and against the Village of Dixmoor based on vicarious liability. Richardson alleged a count of intentional infliction of emotional distress against Officer Kelly and against the Village based on vicarious liability. When the Village moved to dismiss the lawsuit based on the expiration of the state's statute of limitations, the state court allowed the plaintiffs to amend their complaint.

On August 13, 1999, the plaintiffs filed an amended complaint based on the same events, but this time alleging violations of their constitutional rights under 42 U.S.C. sec. 1983; the amended complaint no longer contained state law claims. Accordingly, the Village removed the case to federal court and again moved to dismiss the case, arguing that it was barred by the statute of limitations. The district court granted the Village's motion to dismiss, and gave the plaintiffs a deadline by which to serve the remaining defendants with process. Because the plaintiffs only obtained service of process on Officer Bolanda, the district court dismissed the lawsuits against Officers Kelly and Recendez.

Officer Bolanda then filed a motion to dismiss pursuant to Rule 12(b)(6) arguing that the Section 1983 claims asserted in the amended complaint were time-barred because Henderson filed the complaint more than two years after both the date

of the arrest, May 8, 1997, and the date of the disposition of the criminal charges, August 11, 1997. The district court held that the amended complaint was untimely and that it could not relate back to the date the original complaint was filed because the original complaint itself had been untimely. Thus, the district court dismissed the case against Bolanda. That dismissal is the subject of this appeal.

II.  Discussion

   We review the dismissal of an action pursuant to Rule 12(b)(6) de novo. See Kelly, 4 F.3d at 510. Henderson's amended complaint set forth a Section 1983 claim against Officer Bolanda. While Section 1983 does not contain an express statute of limitations, a federal court must adopt the forum state's limitations period for personal injury claims. See Wilson v. Garcia, 471 U.S. 261, 276 (1985). The correct statute of limitations for Section 1983 actions filed in Illinois is two years as set forth in 735 ILCS sec. 5/13-202. See Ashafa v. City of Chicago, 146 F.3d 459, 462 (7th Cir. 1998).

   In this case, Henderson was arrested on May 8, 1997 and acquitted on August 11, 1997. In order to timely file a Section 1983 action for claims arising out of his arrest, Henderson must have filed his complaint on or before May 10, 1999./2 In order to timely file a Section 1983 action for claims arising out of his prosecution, Henderson must have filed his complaint on or before August 11, 1999. However, he did not file his amended complaint, containing the Section 1983 claims, until August 13, 1999. Therefore, more than two years had passed between the alleged injuries and the filing of the amended complaint. Nevertheless, Henderson argues that his claims are not time-barred because he had filed his original complaint within two years of the constitutional injuries. In other words, Henderson asserts that the filing of his amended complaint "relates back" to the date he filed his original complaint, May 10, 1999.

   Federal Rule 15(c) provides that an amended complaint relates back to the date of the original complaint for purposes of tolling the statute of

limitations where "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c)(2). The district court found that the Section 1983 claims arose out of the same conduct (the arrest and prosecution) as the state tort law claims, and we agree. Generally, an amended complaint in which the plaintiff merely adds legal conclusions or changes the theory of recovery will relate back to the filing of the original complaint if "the factual situation upon which the action depends remains the same and has been brought to defendant's attention by the original pleading." 6A Charles Wright, Arthur Miller and Mary Kay Kane, Federal Practice and Procedure Civil 2d, sec. 1497 at 95 (1990). See also Kuba v. Ristow Trucking Co., Inc., 811 F.2d 1053, 1055 (7th Cir. 1987); Donnelly v. Yellow Freight System, Inc., 874 F.2d 402, 410 (7th Cir. 1989).

However, in order to benefit from Rule 15(c)'s relation back doctrine, the original complaint must have been timely filed. "An amended complaint does not relate back to the filing of the original complaint if the original complaint, itself, was filed after the expiration of the statute of limitations." 51 Am. Jur. 2d Limitation of Actions sec. 263 (2000). Here, Henderson filed his original complaint solely alleging state tort claims for which the statute of limitations was one year. See 745 ILCS 10/8-101 (tort claims against a municipality or one of its employees must be brought within one year from the date of injury). To bring a timely complaint for state law claims based on his arrest, Henderson should have filed on or before May 8, 1998. To bring a timely complaint for claims based on his prosecution, he should have filed on or before August 11, 1998. Because he filed his original complaint on May 10, 1999, after the one-year period had expired, it was untimely./3

Accordingly, even though it was based on the same conduct as that set forth in the original complaint, Henderson's amended complaint may not relate back to the date the original complaint was filed. The prior complaint, having been itself filed after the expiration of the one-year

statute of limitations for the claims which it contained, was a nullity. That complaint cannot then act as a life-line for a later complaint, filed after the two-year statute of limitations for the claims which it contained. See Benjamin v. Katten, Muchin & Zavis, 1998 WL 25757 (N.D.Ill., Jan. 12, 1998) ("Implicit in this rule [15(c)], however, is the requirement that the original complaint be filed within the applicable statute of limitations period."); Papenthien v. Papenthien, 16 F.Supp.2d 1235, 1241 (S.D.Cal. 1998) ("[I]t simply makes no sense to hold that a complaint that was dead on arrival can breathe life into another complaint."). Cf. Bailey v. Northern Indiana Public Service Co., 910 F.2d 406, 413 (7th Cir. 1990) (an amended complaint may only relate back to an earlier, timely pleading; amended complaint could not relate back to an earlier pleading filed in a separate action). Had Henderson's original complaint been timely filed within the one-year requirement, and had he then filed the Section 1983 action after the expiration of the two-year statute of limitations, Rule 15(c) would likely apply to toll the limitations period for the amended claim. But, such is not the case before us.

That does not end the inquiry, however, because Rule 15(c) provides that relation back is allowed if it is permitted by the state law that provides the applicable statute of limitations, here Illinois. See Fed. R. Civ. P. 15(c)(1). The rationale is that if state law "affords a more forgiving principle of relation back than the one provided in this rule, it should be available to save the claim." See Fed. R. Civ. P. 15(c)(1), commentary to the 1991 Amendment. Unfortunately for Henderson, Illinois law on relation back is not more forgiving. Under Illinois law, relation back is allowed only when two requirements are met: (1) the original complaint was timely filed, and (2) the amended complaint grew out of the same transaction or occurrence set forth in the original pleading. See 735 ILCS 5/2-616(b); Digby v. Chicago Park Dist., 608 N.E.2d 116, 118 (Ill.App.Ct. 1992). Since the original pleading was not timely filed, Illinois law would not permit relation back either.

As we have stated, "[i]gnoring deadlines

is the surest way to lose a case. Time limits coordinate and expedite a complex process; they pervade the legal system, starting with the statute of limitations. Extended disregard of time limits (even the non-jurisdictional kind) is ruinous." United States v. Golden Elevator, Inc., 27 F.3d 301, 301 (7th Cir. 1994). Henderson's disregard of Illinois' one-year statute of limitations when he filed his original complaint and his subsequent disregard of the Section 1983 two-year statute of limitations when filing his amended complaint is fatal to his claims./4

III.  Conclusion

Because we hold that Rule 15(c) of the Federal Rules of Civil Procedure does not permit an amended complaint to relate back to an earlier, untimely complaint, and because Henderson's amended complaint was filed after the expiration of the statute of limitations, we affirm the dismissal of his complaint by the district court.

FOOTNOTES

/* On appeal, both parties have stated the defendant's star number as 22, but the district court record reveals that the number is actually 32.

/1 It is unclear why Richardson has joined in this appeal. In the amended complaint, his only claim was against Officer Kelly. Because Kelly was never personally served, on March 7, 2000, the district court dismissed him pursuant to Rule 4(m), and subsequently dismissed Richardson from the case. The plaintiffs do not appeal these dismissals, so this appeal only concerns Henderson and his claim against Officer Bolanda.

/2 The two-year statute of limitations for any Section 1983 claim arising out of Henderson's arrest expired on May 8, 1999. However, since that date fell on a Saturday, the time period was extended until the next business day, or May 10, 1999. See Fed. R. Civ. P. 6(a).

/3 Henderson argues that his original complaint was timely because it contained federal claims for which the statute of limitations is two years. We disagree. In order to bring a Section 1983 claim, the plaintiff must allege that a person acting under color of state law engaged in conduct that deprived him of a  right, privilege or immunity secured by the Constitution. See 42 U.S.C. sec.

1983. Henderson's original complaint contains no reference to any violation of his constitutional rights. "Ordinarily a court determines whether there is federal question jurisdiction by examining the plaintiff's well-pleaded complaint, for '[i]t is long-settled law that a cause of action arises under federal law only when the plaintiff's well pleaded complaint raises issues of federal law.'" Rice v. Panchal, 65 F.3d 637, 639 (7th Cir. 1995) (quoting Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987)). While, based on the facts alleged, the defendants might have reasonably expected an amendment to include a federal claim, the original complaint itself did not contain one. The fact that the action was brought in state court supports this conclusion. See Caterpillar Inc. v. Williams, 482 U.S. 386, 398-99 (1987) (noting that "a defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated.").

/4 Because we hold that the Amended Complaint does not relate back to the filing of the original complaint, we need not address Bolanda's argument that relation back would severely prejudice him. See Woods v. Indiana University-Purdue University at Indianapolis, 996 F.2d 880, 884 (7th Cir. 1993) (Rule 15(c) allows relation back as long as no prejudice will result); Donald v. Cook County Sheriff's Dept., 95 F.3d 548 (7th Cir. 1996) (remanded to determine if defendants had received actual notice of proceeding).