Mitchell G. MALONE, individually and as a representative of those similarly situated plaintiffs, Plaintiff–Appellant,

v.

George H. RYAN, in his personal and professional capacity as a state official, et al., Defendants–Appellees.

No. 01–3995.

United States Court of Appeals, Seventh Circuit.

Submitted Sept. 11, 2002.*

Decided Sept. 13, 2002.

Rehearing En Banc Denied Oct. 18, 2002.

Before COFFEY, EASTERBROOK, and MANION, Circuit Judges.

ORDER

After his truck was repossessed and sold, Mitchell G. Malone brought suit alleging that the defendants had violated his due process rights and committed fraud. The district court dismissed Malone's complaint for failure to state a claim. We affirm.

In October 1997 Malone executed a Retail Installment Contract and purchased a Ford truck. First of America Bank–Illinois purchased the contract. In June 1998 the bank repossessed the truck after Malone had failed to make a number of payments. A bank employee then filed an Affidavit of Repossession with the Illinois

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Secretary of State along with an Application for Vehicle Title. In July the Secretary of State issued a Certificate of Title, and in August the bank sold the truck.

In May 2001 Malone filed a complaint in state court, arguing that the Illinois statutes authorizing the repossession and transfer of title deprived him of his due process rights under the state and federal Constitutions and seeking damages under 42 U.S.C. § 1983. His complaint also raised a fraud claim. Malone named as defendants the State of Illinois, the former Secretary of State (now Governor), the Attorney General, and two bank employees. The defendants removed the case to federal court, *see* 28 U.S.C. § 1441(a), and moved to dismiss for failure to state a claim.

In October 2001 the district court granted the defendants' motion to dismiss. The court first concluded that the State and its officers sued in their official capacities have Eleventh Amendment immunity. The district court also concluded that the § 1983 claim is barred by the two-year statute of limitations, but noted that even if Malone had filed suit within the limitations period the claim still would have failed because the bank defendants were not state actors and the state defendants sued in their personal capacities enjoyed qualified immunity. Finally, the court concluded that Malone failed to state a fraud claim by not satisfying the pleading requirements for such claims. *See* Fed. R.Civ.P. 9(b).

■ On appeal Malone has abandoned his fraud claim and primarily challenges the removal of his case to federal court. Malone raises a number of frivolous arguments challenging removal and federal court jurisdiction (e.g., that the district court is not an Article III court)–only one of which requires discussion. Malone argues that removal was inappropriate be-

cause the defendants failed to file a notice in federal court within the required 30–day time period. 28 U.S.C. § 1446(a), (b). Malone's contention notwithstanding, the district court docket sheet reflects that a notice of removal was filed on June 7, 2001–within 30 days of when the state defendants were served (May 9 and 10). More importantly, however, nonjurisdictional challenges to removal (such as timing) must be made within 30 days of removal. 28 U.S.C. § 1447(c); *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 392, 118 S.Ct. 2047, 141 L.Ed.2d 364 (1998). Malone first raised this challenge in an October motion for sanctions–beyond the 30–day deadline–and therefore forfeited it.

■ Turning to the merits, Malone argues that the district court erred in concluding that his § 1983 claim is barred by a two-year statute of limitations. Malone contends that the court should have applied the Illinois five-year statute of limitations for destruction or conversion of property. 735 ILCS § 5/13–205. Section 1983 does not contain an express statute of limitations, and the correct limitations period is the one set forth in the forum state's personal injury statute. *See Owens v. Okure*, 488 U.S. 235, 249–50, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); *Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir.2001). Therefore, all § 1983 claims filed in Illinois are subject to the two-year statute of limitations in 735 ILCS § 5/13–202. *Henderson*, 253 F.3d at 931; *Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir.1998). The applicable statute of limitations is not, as Malone suggests, determined by searching for the most analogous state-law claim. *See Owens*, 488 U.S. at 248, 109 S.Ct. 573; *Campbell v. Chappelow*, 95 F.3d 576, 580 (7th Cir.1996). Because Malone's complaint was filed more than two years after his truck was re-sold (giving Malone the benefit of the doubt,

the last complained-of event), his § 1983 claim is barred by the two-year statute of limitations.

■ Finally, Malone argues that the district judge should have recused himself under 28 U.S.C. § 455(a), but recusal questions under this statute must be raised first in the district court and then challenged immediately with a petition for a writ of mandamus, *see United States v. Ruzzano*, 247 F.3d 688, 694 (7th Cir.2001). Because Malone did not seek recusal in the district court, he necessarily forfeited such a challenge here. *See id.*

Accordingly, the district court's judgment is AFFIRMED, and Malone's motion for sanctions under Federal Rule of Appellate Procedure 38 is DENIED. Because Malone has filed a frivolous appeal, we direct Malone to show cause within 14 days why we should not impose sanctions against him under Rule 38.