**Chiquita NEWELL, Plaintiff-Appellant,**

v.

**Elinor VELACRUZ, et al.,
Defendants-Appellees.**

**No. 17-1617**

United States Court of Appeals,
Seventh Circuit.

Submitted August 18, 2017 *

Decided August 18, 2017

Chiquita M. Newell, Pro Se

---

* We have agreed to decide the case without oral argument because the brief and record adequately present the facts and legal arguments, and oral argument would not signifi-

Before FRANK H. EASTERBROOK, Circuit Judge ILANA DIAMOND ROVNER, Circuit Judge DIANE S. SYKES, Circuit Judge

## ORDER

Chiquita Newell sued persons affiliated with her former employer, Alden Village (a medical center serving special-needs patients), under 42 U.S.C. § 1981 for retaliating against her for filing a worker's compensation claim. The district court dismissed her complaint with prejudice as barred by the statute of limitations. She moved for relief from the judgment, contending that she "inadvertently omitted" allegations from her complaint that would cure this defect. *See* FED. R. CIV. P. 60(b)(1). She included these allegations in a proposed amended complaint. The court denied her motion, explaining that she knew about these allegations when she first sued. Because the district court properly decided that Newell may not use a Rule 60(b) motion to raise allegations that she knew at the beginning of the case, and because the proposed amendment does not cure the timeliness problem, we affirm.

Newell alleges that, after she filed her worker's compensation claim, her supervisor told her in January 2012 that she should not come to work anymore. Five years later, in January 2017, Newell filed this action to sue Alden Village's personnel director and her former supervisors for retaliating against her for filing that claim. The court allowed her to proceed without prepaying the filing fee, but dismissed her complaint with prejudice because she sued one year after the four-year statute of limitations for § 1981 claims had passed.

cantly aid the court. FED. R. APP. P. 34(a)(2)(C). The defendants were not served with process in the district court and are not participating in this appeal.

*See* 28 U.S.C. § 1915(e)(2)(B)(ii). One month later, in February, Newell requested relief from the judgment under Rule 60(b). She argued that she had "inadvertently omitted" facts from her complaint that, she said, would show that her claim was not barred by the statute of limitations. She appended an amended complaint alleging a different retaliation claim under § 1981: the defendants fired her in January 2013 (one year *after* the time mentioned in the original complaint) in retaliation for filing a charge with the Equal Employment Opportunity Commission. The district court denied her motion. As we mentioned above, it reasoned that Rule 60(b) does not provide relief based on facts that a plaintiff knew when filing a suit but did not present until after a court's final ruling.

On appeal Newell contests this reasoning. She asserts that the facts alleged in her proposed complaint are not new ones, but just elaborations on those in her original complaint. She is wrong. The additional allegations do not merely elaborate on those in her original complaint. They assert a separate violation of § 1981—namely, that more than a year after she filed her workers' compensation claim, Alden Village retaliated against her for filing a charge with the EEOC. But in any case, Newell knew about these allegations well before she sued and therefore could have raised them in her original complaint. As the district court observed, a litigant may not rely on Rule 60(b) to present assertions "that with due diligence could have been introduced before judgment on the motion from which the party is seeking relief." *Rutledge v. United States*, 230 F.3d 1041, 1052 (7th Cir. 2000).

We are mindful that, if a plaintiff seeks leave to amend a complaint before final judgment, leave should be freely given "when justice so requires." FED. R. CIV. P. 15(a)(2); *see also Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1025 (7th Cir. 2013). But Newell sought leave after final judgment. Moreover courts may deny leave to amend to plaintiffs, including those like Newell proceeding in forma pauperis, when the amendment is futile. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 520 (7th Cir. 2015). Futility is evident here. Newell's proposed amended complaint did not fix the timeliness problem of her original complaint. She submitted her proposed amendment in February 2017, one month after the expiration of the four-year period to sue on her alleged retaliatory discharge of January 2013. *See Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382–83, 124 S.Ct. 1836, 158 L.Ed.2d 645 (2004) (four-year limitation for § 1981 claims); *Dandy v. United Parcel Serv., Inc.*, 388 F.3d 263, 269 (7th Cir. 2004) (applying the four-year limitation to retaliation claims under § 1981).

Finally the relation-back doctrine, under which an amended pleading "relates back to the date of the original pleading," FED. R. CIV. P. 15(c)(1), does not save Newell's proposed amended complaint. First Newell does not dispute that her original complaint was not itself timely filed, a requirement for relation-back. *See Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001). Second as we have explained, the § 1981 claims in her two complaints arise out of different alleged conduct, another disqualifier for relation-back. *See* FED. R. CIV. P. 15(c)(1)(B).

AFFIRMED.