NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 20, 2018[*]
Decided July 23, 2018

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 17-2048

| | |
|---|---|
| KEVIN SROGA, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 17 C 1333 |
| CHARLES WILLIAMS, et al., | |
| *Defendants-Appellees*. | Sharon Johnson Coleman, *Judge*. |

**O R D E R**

Kevin Sroga's cars were towed in February 2015 after City of Chicago employees concluded that they were abandoned. Invoking 42 U.S.C. § 1983, Sroga filed suit in February 2017 to challenge the legality of the towing. The district court ruled that Sroga filed his suit just outside the two-year limitations period and dismissed it sua sponte as

---

[*] The defendants were not served with process in the district court and are not participating in this appeal. We have agreed to decide the case without oral argument because the appellant's brief and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

untimely. Because one cannot conclude from the complaint's allegations that Sroga's suit is time-barred, we vacate and remand for further proceedings.

According to his complaint, Sroga parked several cars on North Homan Avenue in Chicago. Under Chicago's Municipal Code § 9-80-110(a), any vehicle that appears to be deserted and is not moved or used for more than seven days may be towed. City officials towed Sroga's cars on February 18, 2015; several days before then, his cars had been tagged with notices stating that they could be towed. Among other things, Sroga asserts that the towing was an unreasonable seizure (violating the Fourth Amendment) because his cars were blocked by snow and impossible to move. He also argues that his cars were towed in violation of his right to due process because they were towed *on* the seventh day, not *more than* seven days, after he saw the tow notices on his cars.

Sroga filed this suit on February 21, 2017, and the district court dismissed it as untimely before any defendants entered appearances. The judge applied the two-year statute of limitations that governs a § 1983 action in Illinois. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007); 735 ILCS 5/13–202. The judge assumed that his claim accrued when his cars were towed (February 18, 2015), *see Wallace,* 549 U.S. at 391, and concluded that Sroga's suit, filed on February 21, 2017, was therefore too late.

On appeal Sroga maintains that the judge wrongly dismissed his case for two reasons. First, he argues that the two-year period had not run by February 21 because February 18 and 19, 2017, were weekend days and February 20 was a legal holiday. Second, Sroga contends that the district judge should have given him an opportunity to respond to the limitations issue, such as with an assertion of equitable tolling.

Sroga's case should not have been dismissed sua sponte on limitations grounds because one cannot tell from the complaint's allegations that the lawsuit is "hopelessly time-barred." *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674–75 (7th Cir. 2009). To determine the last day by which Sroga may file this suit, we apply Federal Rule of Civil Procedure 6(a). *See Henderson v. Bolanda*, 253 F.3d 928, 931 n.2 (7th Cir. 2001) (applying the rule to complaints under § 1983). Rule 6(a) provides that, when the last day to file a pleading falls on a Saturday, Sunday, or legal holiday, the filing period continues to run until the end of the next day that is not one of those three excluded days. FED. R. CIV. P. 6(a)(1)(C). If, as the district judge assumed, Sroga's claim accrued when his cars were seized on February 18, 2015, then the statute of limitations expired on February 18, 2017. But that date and the next day were weekend days, and the

following Monday was a legal holiday (Washington's Birthday, *see* FED. R. CIV. P. 6(a)(6)(A)). Therefore Sroga may reasonably argue that his filing was timely.

We close with two brief observations. First, in vacating the district court's dismissal, we do not rule that Sroga's suit *is* timely, only that the district judge dismissed it prematurely on timeliness grounds. If the tow occurred on or after February 18, 2015, then the suit is timely; but just when the tow occurred may require resolution by the district court. Second, we have not addressed whether Sroga's complaint states a valid legal claim because the district court did not reach that question. These issues remain open on remand.

The judgment of the district court is VACATED and REMANDED.