**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 23, 2019*
Decided October 23, 2019

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 19-1131

| | |
|---|---|
| CURTIS L. WESTBROOK, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:18-cv-01604-JPH-DLP |
| DELAWARE COUNTY SHERIFF, *et al.*, *Defendants-Appellees*. | James P. Hanlon, *District Judge*. |

**O R D E R**

Curtis Westbrook appeals the dismissal of one of three lawsuits related to his arrest for contempt of court and resulting 10-day detention at the Delaware County Jail in Muncie, Indiana. In this case, which the district court severed from another, he claims that employees of the Delaware County Sheriff's Office violated the Eighth Amendment by denying him medication and assigning him to the top bunk of his cell despite knowing he suffered from a hernia. *See* 42 U.S.C. § 1983. The district court dismissed the

---

* We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

claim against the sheriff based on claim preclusion and the claims against the other defendants as barred by the statute of limitations. Because Westbrook's claim against the sheriff is precluded by an earlier judgment, and he did not assert his claims against the other defendants until after the limitations deadline, we affirm.

This case was dismissed under Federal Rule of Civil Procedure 12(b)(6), so we must take Westbrook's factual allegations as true. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013). In February 2014, Westbrook attended a proceeding in his son's criminal case in Muncie City Court and attempted to distribute flyers in the courtroom. The flyers asked readers to vote the judge presiding over his son's case out of office and discussed the right to a jury trial on misdemeanor charges. The courtroom bailiff saw the flyers and asked Westbrook to leave. When Westbrook returned the next day, the bailiff warned him that he would be found in contempt and jailed if he entered the courtroom because he had been "passing out the letters" and "giving people legal advice." Westbrook nonetheless entered the courtroom. The bailiff—with the help of Muncie police officers—arrested him for contempt, handcuffed him, and took him to the county jail across the street.

Westbrook—who was suffering from high blood pressure and a hernia— remained in the jail for ten days without a hearing. During this time, employees of the Sheriff's Office and a contract nurse at the jail denied him his blood pressure medication (a prescription that his son had delivered for him) for two days and assigned him to sleep in the top bunk in his cell despite his hernia. When he was released on February 21, 2014, he was in severe pain and required same-day emergency surgery because climbing into the top bunk had caused his hernia to rupture.

Nearly two years later, on February 1, 2016, Westbrook filed a pro se complaint accompanied by a request to proceed *in forma pauperis*, alleging that the City of Muncie Court, the "Delaware County Sheriff Department," and their agents wrongfully arrested and illegally confined him, in violation of his constitutional rights. *See Westbrook v. Bennington*, No. 1:16-CV-274-WTL-DLP. His complaint did not mention his treatment in the jail. On February 4, the district court screened and dismissed the complaint for failure to state a claim, *see* 28 U.S.C. § 1915(e)(2)(b), because Westbrook had not sued any individual who allegedly had violated his rights, nor had he alleged that his arrest and detention resulted from an official or unofficial policy of the entities he sued. The court gave Westbrook leave to amend his complaint until February 23, 2016, and later extended the deadline at Westbrook's request.

In the meantime, Westbrook filed a second lawsuit on February 22, 2016, naming the "Delaware County Sheriff Department, Its Jail and Agents" as the defendants. *See Westbrook v. Delaware County Sheriff*, No. 1:16-CV-422-WTL-DKL. Westbrook alleged that the "jail staff" denied him his blood-pressure medicine, that the jail supervisor retaliated against him for asking for his medication by placing him in segregation, and that the jail staff and supervisor denied him a lower bunk even though he required one because of his hernia. The same district judge assigned to his first case screened and dismissed this complaint with leave to amend, again because Westbrook did not name a proper defendant. Westbrook filed three responses to this screening order but never an amended complaint. After granting several extensions at Westbrook's request, the district court dismissed the case for failure to state a claim and entered final judgment under Federal Rule of Civil Procedure 58(a). Westbrook did not appeal.

Back in the first case, Westbrook amended his complaint, but not before the statute of limitations had expired. Besides clarifying his wrongful arrest claim, he alleged that "agents" of the Delaware County Sheriff "illegally incarcerated, denied lifesaving medication for 2 days, forcibly placed [him] in punitive segregation." The district court determined that he pleaded a Fourth Amendment claim for "improperly acting on an invalid bench warrant which resulted in Mr. Westbrook's arrest and false imprisonment." It instructed Westbrook to "notify the Court" if it had "misunderstood the defendants or the claims in this action."

Westbrook responded that the district court was ignoring claims under the First, Sixth, Seventh, Eighth, Ninth, and Fourteenth Amendments. The district court then recruited counsel for Westbrook for the limited purpose of helping him file a clear complaint. With the help of his recruited counsel, Westbrook eventually filed a Fourth Amended Complaint that included an Eighth Amendment claim against "the Sheriff of Delaware County" and its "Unknown Officers" related to his treatment at the jail. In its amended answer, the Sheriff's Office asserted that this claim was precluded by the final judgment in Westbrook's second case.

Later, Westbrook moved to "join" three previously unidentified jail officers and the nurse, whose identities he had learned in discovery, into a Fifth Amended Complaint. The defendants objected that the claims against the newly named defendants were untimely and barred by claim preclusion. The district court granted Westbrook's motion but immediately severed the jail-related claims into a separate suit, *Westbrook v. Sheriff of Delaware County*, No. 1:18-CV-01604-JPH-DLP. The severed case, which is the subject of this appeal, was randomly assigned to another judge.

Once the new case was opened, the defendants moved to dismiss the complaint, renewing their arguments that Westbrook's claims were untimely and barred by a previous judgment. The district court agreed and granted the motion. It determined that, under Rule 15(c), Westbrook's claims against the individuals did not relate back to his only timely complaint because that pleading did not discuss his treatment at the jail. It also ruled that the final judgment in second case, which did allege mistreatment at the jail, had disposed of any claims against the Sheriff that could have been brought about Westbrook's detention.

On appeal, Westbrook does not dispute that his jail-related claims accrued no later than February 21, 2014, his last day in custody, *see Heard v. Sheahan*, 253 U.S. 319–20 (7th Cir. 2001), or that the two-year limitations period on any claim arising from his treatment in jail expired by February 21, 2016. *See* IND. CODE § 34-11-2-4; *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). He maintains, however, that his claims against the individual defendants, whom he did not name until March 2018, are not time-barred because they all relate back to his February 1, 2016, complaint. *See* FED. R. CIV. P. 15(c)(1)(C). He correctly notes that, in certain instances, Rule 15(c)(1)(C) allows a plaintiff to "change[] the party or the naming of the party against whom a claim is asserted" in a complaint after the limitations period expires, provided that the new parties have sufficient notice of the action, will not be prejudiced by the delay, and reasonably should have known that the plaintiff intended to bring claims against them. But his interpretation of the relation-back rule is overly expansive.

Westbrook relies heavily on *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538 (2010), to defend the timeliness of his claims. In that case, the Supreme Court held that whether a newly named defendant has adequate notice for the purposes of relation back depends not on the plaintiff's "knowledge or its timeliness in seeking to amend the pleading," but on what the prospective defendant "knew or should have known." *Id.* at 541. Westbrook urges that, under *Krupski,* his jail-related claims against the officers and nurse relate back to the timely complaint because the allegations against the "Delaware County Sheriff" were sufficient to put them on notice of impending legal action by virtue of their employment there.

But he overlooks an important principle limiting the ability to name new defendants: it exists *only* "if Rule 15(c)(1)(B) is satisfied." FED R. CIV. P. 15(c)(1)(C). Rule 15(c)(1)(B), in turn, requires new claims to arise "out of the same conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." FED. R. CIV. P. 15(c)(1)(B); *Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001). *Krupski* did not

remove the requirement that amending to add a new defendant can be done only if Rule 15(c)(1)(B) also is satisfied. That was not a problem in *Krupski*, but it is here.

Even under the liberal construction afforded to pro se litigants, we cannot identify any jail-related claims in Westbrook's only timely complaint, filed on February 1, 2016, in Case No. 1:16-CV-274-WTL-DLP. The narrative set out there relates only to his arrest. But Westbrook's claims concern two separate occurrences: an allegedly illegal arrest and his treatment by jail staff during the resulting detention. That the original complaint named the "Delaware County Sheriff Department and Its Agents" is not enough to trigger relation back of the claims against the new defendants because it was devoid of allegations about his treatment at the county jail. By the time Westbrook amended the complaint in the first case on February 25, 2016, to include allegations that he was denied medication during his confinement and forced to use an upper bunk, the statute of limitations had run. Because these claims were not part of the same "conduct, transaction, or occurrence" as his arrest, they could not relate back. *See* FED. R. CIV. P. 15(c)(1)(B).

Westbrook also argues that the district court erroneously concluded that his claim against the Sheriff in this case was barred by claim preclusion. He insists that his second case, No. 1:16-CV-422-WTL-DKL (raising jail-related claims), did not result in a final adjudication on the merits because the district court said at the screening stage that it "could not ascertain a viable Eighth Amendment claim." He is mistaken.

Claim preclusion does not require that all the individual claims it bars were actually litigated in a prior case; it extends to any claims that could have been brought out of the "operative facts" in the prior case. *Hayes v. City of Chicago,* 670 F.3d 810, 813 (7th Cir. 2012). Here, the district court initially dismissed Westbrook's jail-related complaint against the "Delaware County Sheriff Department, Its Jail, and Agents" under 28 U.S.C. § 1915(e)(2)(b) without prejudice and with express leave to amend, as is appropriate. *See Luevano,* 722 F.3d at 1020. The court, however, set a deadline for amending the complaint and then extended it at Westbrook's urging. Although Westbrook submitted three separate responses to the court's orders, he never filed an amended complaint in the appropriate case. After two months, the district court dismissed the action for failure to state a claim and separately entered a judgment under Rule 58. That judgment was a final decision on the merits with preclusive effect. *Coleman v. Labor & Indus. Review Comm'n of Wis.,* 860 F.3d 461, 470 (7th Cir. 2017); *Gleash v. Yuswak,* 308 F.3d 758, 759–60 (7th Cir. 2002). To the extent that Westbrook suggests that the dismissal of the second case was improper, he had a choice between appealing

the judgment or moving to reopen it and amend the complaint. *See Gleash,* 308 F.3d at 760. But he did neither. Accordingly, the judgment precludes him from further litigating jail-related claims.

AFFIRMED