NOTICE
This Order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2025 IL App (4th) 241469-U

NO. 4-24-1469

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
September 29, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| BRYCE THOMASSON, | ) | Appeal from the |
|     Plaintiff-Appellant, | ) | Circuit Court of |
|     v. | ) | Ogle County |
| THE OGLE COUNTY SHERIFF'S OFFICE, | ) | No. 24LA13 |
| SERGEANT ANN ARNESON, DEPUTY RYAN | ) | |
| WINTERTON, DEPUTY GREGG BERGIN, DEPUTY | ) | |
| ASHLEY SANDERS, and LIEUTENANT JASON | ) | Honorable |
| LYNN, | ) | Matthew T. Klahn, |
|     Defendants-Appellees. | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Justices DeArmond and Grischow concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The appellate court affirmed, concluding the circuit court did not err in dismissing plaintiff's complaint.

¶ 2   Plaintiff, Bryce Thomasson, an inmate in the custody of the Illinois Department of Corrections, filed a *pro se* complaint against defendants, the Ogle County Sheriff's Office, Sergeant Ann Arneson, Deputy Ryan Winterton, Deputy Gregg Bergin, Deputy Ashley Sanders, and Lieutenant Jason Lynn. On the motion of defendants, the circuit court dismissed plaintiff's complaint, finding the claims alleged therein were untimely. Plaintiff appeals, arguing this court should reverse and remand for further proceedings because his section 1983 claim (42 U.S.C. § 1983 (2024)) for a violation of his due process rights under the fourteenth amendment (U.S. Const., amend. XIV) was timely. For the reasons that follow, we affirm the circuit court's dismissal.

¶ 3                                 I. BACKGROUND

¶ 4            In April 2024, plaintiff filed his *pro se* complaint against defendants. Plaintiff began the complaint with the following: "This is a civil action for assault and battery of the Ogle County Sheriff's Office committed by its employees." Plaintiff alleged, on May 2, 2022, Arneson, Winterton, Bergin, Sanders, and Lynn responded to his cell after he " 'mule' " kicked the door "a couple times." They ordered plaintiff to "cuff up to be moved to the 'booking' area for allegedly injuring" himself. Plaintiff refused the order, stating, " 'I'm fine and going to calm down.' " Arneson, Winterton, Bergin, and Lynn entered the cell and "forcefully" placed handcuffs on plaintiff "until they were extremely tight." They lifted plaintiff into a standing position, which plaintiff "tried to resist by sitting back down because of the excessive force being used against" him. Plaintiff was "willfully and maliciously dragged out of [his] cell," at which time he "accidently lunged into" Lynn. This led to plaintiff being "forcefully taken to the concrete" and "willfully and maliciously subdued." Plaintiff, due to "them willfully and maliciously hurting me," was "moving around trying to get the weight of [the] officers off [his] back," which led to Bergin discharging his Taser onto plaintiff's back. Plaintiff asserted the actions of the "named defendants of the Ogle County Sheriff's Office were intentional and unwarranted due to claimant not being a risk to himself." Plaintiff further asserted, because of this incident, he suffered physical and emotional harm. Plaintiff sought compensatory and punitive damages in excess of $2 million, as well as costs and interest. Plaintiff concluded his complaint by noting, "This claim is filed within the 2 years after the claim accrued, as required by law."

¶ 5            Defendants filed a combined motion to dismiss plaintiff's complaint pursuant to sections 2-619.1 and 2-603 of the Illinois Code of Civil Procedure (Civil Code) (735 ILCS 5/2-619.1, 2-603(b) (West 2024)). They initially argued for dismissal under section 2-619(a)(5) (*id.*

§ 2-619(a)(5)) because the claims in the complaint were not filed within the one-year limitations period set forth in section 8-101(a) of the Local Governmental and Governmental Employees Tort Immunity Act (745 ILCS 10/8-101(a) (West 2024)). Alternatively, they argued for dismissal under section 2-615(a) because the claims were not sufficiently pled pursuant to section 2-603(b) (735 ILCS 5/2-603 (West 2024)). *Id.* § 2-615(a).

¶ 6 Plaintiff filed a response to defendants' combined motion to dismiss his complaint. Amongst other things, plaintiff argued his complaint asserted "numerous claims of excessive force in violation of the [fourteenth] [a]mendment and a legal action of both assault and battery." Plaintiff also suggested his claims were timely because the limitations period for a section 1983 claim was two years.

¶ 7 In August 2024, the circuit court held a hearing on defendants' combined motion to dismiss plaintiff's complaint. Plaintiff maintained the applicable limitations period was two years and requested the opportunity to amend his complaint if the court found his claims were not sufficiently pled. Before taking the matter under advisement, the court noted plaintiff's complaint "doesn't specify whether he's going off of some type of 1983 claim, and the first time a 1983 claim was raised was I think in his response." The court also noted, unless it found the claims alleged in the complaint were untimely, plaintiff would have the opportunity to amend his complaint. The court later issued a written order dismissing plaintiff's complaint, finding the claims alleged therein were untimely.

¶ 8 This appeal followed.

¶ 9 II. ANALYSIS

¶ 10 On appeal, plaintiff argues this court should reverse and remand for further proceedings because his section 1983 claim for a violation of his due process rights under the

fourteenth amendment was timely. Defendants disagree.

¶ 11        The circuit court dismissed plaintiff's complaint pursuant to section 2-619(a)(5) of the Civil Code (735 ILCS 5/2-619(a)(5) (West 2024)), finding the claims alleged therein were untimely. Section 2-619(a)(5) allows for an involuntary dismissal when "the action was not commenced within the time limited by law." *Id.* "In deciding a section 2-619 motion, a court accepts all well-pleaded facts and their inferences as true and construes all pleadings and supporting documents in favor of the non-moving party." *In re Estate of Shelton*, 2017 IL 121199, ¶ 21.

¶ 12        Whether a complaint was properly dismissed under section 2-619(a)(5) presents a question of law subject to *de novo* review. *Ferguson v. City of Chicago*, 213 Ill. 2d 94, 99 (2004). "The term *de novo* means that the court reviews the matter anew—the same as if the case had not been heard before and as if no decision had been rendered previously." (Internal quotation marks omitted.) *Blagden v. McMillin*, 2023 IL App (4th) 220238, ¶ 40. A dismissal may be affirmed on any ground supported by the record. *Carroll v. Community Health Care Clinic, Inc.*, 2017 IL App (4th) 150847, ¶ 18.

¶ 13        Plaintiff asserts his complaint should not have been dismissed pursuant to section 2-619(a)(5) because it presented a timely section 1983 claim for a violation of his due process rights under the fourteenth amendment. In support of his assertion that his complaint presented a section 1983 claim, plaintiff cites the fact the complaint was filed against "the Ogle County Sheriff's Office and its deputies" and made allegations that defendants used " 'excessive force' " and acted in a willful, malicious, and forceful manner.

¶ 14        To state a section 1983 claim, a plaintiff must allege (1) the conduct alleged to have occurred was committed by a person who was acting under the color of state law and (2) the

conduct deprived the plaintiff of rights, privileges, or immunities protected by the United States Constitution or federal law. *Kucinsky v. Pfister*, 2020 IL App (3d) 170719, ¶ 57. More specifically, to state a section 1983 claim for a violation of the right to due process under the fourteenth amendment, a plaintiff must allege (1) the existence of a protected life, liberty, or property interest, (2) a deprivation of that protected interest, and (3) a denial of due process. *Id.* ¶ 77.

¶ 15        After our review, we find plaintiff's complaint did not present a section 1983 claim for a violation of his due process rights under the fourteenth amendment. Plaintiff identifies his complaint as "a civil action for assault and battery." He does not reference the constitution or federal law, let alone section 1983, the fourteenth amendment, or due process. He does not allege the existence of a protected life, liberty, or property interest, a deprivation of any such interest, or a denial of due process. While plaintiff describes the conduct of some of the defendants as willful, malicious, and forceful, and justifies his actions by characterizing some of the actions of defendants as "excessive force," we find these allegations, without more, do not present a section 1983 claim for a violation of plaintiff's due process rights under the fourteenth amendment.

¶ 16        The Seventh Circuit's decision in *Henderson v. Bolanda*, 253 F.3d 928 (7th Cir. 2001), cited by defendants and not addressed by plaintiff, is analogous. In *Henderson*, the Seventh Circuit rejected a plaintiff's argument that his original complaint contained a section 1983 claim, finding the complaint, which was filed in state court, "contain[ed] no reference to a violation of his constitutional rights." *Id.* at 932 n.3. The court noted, "While, based on the facts alleged, the defendants might have reasonably expected an amendment to include a federal claim, the original complaint itself did not contain one." *Id*. Like *Henderson*, we find, although the facts alleged in plaintiff's complaint may have placed defendants on notice of a potential amendment to include a section 1983 claim, the complaint itself, which contained no reference to a violation of plaintiff's

constitutional rights, did not contain one. See *Scheidler v. Cook County Officers Electoral Board*, 276 Ill. App. 3d 297, 304 (1995) ("The first step in any section 1983 claim is to identify the specific constitutional right allegedly infringed.").

¶ 17        Absent any other argument from plaintiff, we conclude the circuit court did not err in dismissing plaintiff's complaint.

¶ 18                                III. CONCLUSION

¶ 19        For the reasons stated, we affirm the circuit court's judgment.

¶ 20        Affirmed.